**BRASHEAR vs. CARLIN, CURATOR, &c.**

WESTERN DIS.
September,1841.

BRASHEAR
vs.
CARLIN,
CURATOR, &c.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT FOR THE PARISH OF ST. MARY, THE JUDGE OF THE SEVENTH PRESIDING.

The surety cannot appeal from a judgment against him and his principal, which the latter has already had reversed on appeal. The release of the principal in the judgment, released the surety, although not a party to that appeal.

This is an appeal taken by the principal in an injunction bond. In the case of McMillen vs. Carlin, curator, &c., there was judgment in the court below, dissolving the injunction, with damages, interest, &c., against the principal and his surety. On an appeal to the Supreme Court by McMillen, (Brashear, the surety, did not join in the appeal,) this judgment was reversed as to the damages, &c. See 16 La. Rep., 100–102. Before the year expired, Brashear also appealed from the same judgment.

*T. H. Lewis,* for the appellee, Carlin, moved to dismiss the appeal, on the ground that the appeal cannot be sustained; there being no judgment to appeal from.

*Dwight,* for the appellant, insisted that the judgment remained in force against the surety, and should be reversed.

*Morphy, J.* delivered the opinion of the court.

On the dissolution of an injunction sued out by the plaintiff, he and Walter Brashear, his surety on the bond, were decreed to pay damages. An appeal having been taken up by plaintiff, the judgment of the court below was reversed on the ground, that the other party having abandoned the executory process, and prayed for judgment against his debtor, as in an ordinary suit, damages had been wrongfully awarded against the plaintiff on the injunction bond. See 16 La. Rep., 101. Brashear, who did not join in that appeal, has brought up the present one from the same judgment. He is met in this court by a motion to dismiss his appeal as being taken from a decree, which was no longer in force. This motion must, in our

WESTERN DIS-
September,1841.

The surety cannot appeal from a judgment against him and his principal, which the latter has already had reversed on appeal. The release of the principal in the judgment, released the surety, although not a party to that appeal.

opinion, prevail. It is obvious, that the judgment of the inferior court could not be reversed as to the principal debtor in this case, and continue in force against the surety. The latter could not remain bound, after the former had been released ; although the surety had not joined in the appeal, the judgment rendered in this court enured to his benefit. The obligation of a surety is so dependant on that of the principal debtor, that he is considered in law as being the same party as the debtor in relation to whatever is adjudged, touching the obligation of the latter ; provided it be not on grounds personal to such principal debtor; it is for this reason, that a judgment in favor of the principal debtor can be invoked as *res judicata* by the surety. 2 Pothier on oblig., 299.

It is therefore ordered, that this appeal be dismissed with costs.