## CRAGIN v. DE PAPE.

(Circuit Court of Appeals, Fifth Circuit. March 3, 1908.)

No. 1,670.

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—QUESTION FOR COURT OR JURY.
Where the facts in an action for malicious prosecution are undisputed, the question of probable cause is for the court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Malicious Prosecution, § 161.]

2. SAME—DEFENSES—ADVICE OF COUNSEL.
The advice of reputable counsel, honestly sought and acted on in good faith, is alone a complete defense to an action for malicious prosecution.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Malicious Prosecution, § 41.]

3. SAME—PROBABLE CAUSE—EVIDENCE.
Plaintiff, who was employed by defendant as a cook, on being locked out by another servant and getting no response to her rap at the door, pounded and kicked it until she split the panels. Defendant instituted an inquiry the succeeding day, and told plaintiff she would be required to pay for the door, which she refused to do, whereupon defendant and a servant who was present when the door was broken consulted a lawyer, who, after hearing the account of both defendant and the servant, advised obtaining a warrant under a statute making the willful and malicious destruction or injury of personal property of another ground for imprisonment and fine. A warrant was procured, and plaintiff was arrested and confined for a few hours, and the succeeding day was tried and discharged by a justice of the peace. *Held* to establish probable cause for plaintiff's arrest as a matter of law.

In Error to the Circuit Court of the United States for the Southern District of Florida.

Geo. M. Robbins, for plaintiff in error.

A. W. Cockrell, Jr., and Alston Cockrell, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and NEW-MAN, District Judge.

NEWMAN, District Judge. There is a preliminary question raised by the record in this case as to the sufficiency of the service, and whether in the Circuit Court the motion should have been granted to set aside the service and quash the sheriff's return, and the plea to the jurisdiction raising the same question, sustained. This question becomes unimportant, in the view we have taken of the case. The sole question in the case which we deem it necessary to notice, and which is controlling, is whether on the trial before a jury in the Circuit Court a verdict should have been directed for the defendant on all the evidence submitted.

The suit is one for malicious prosecution. Elise de Pape, the plaintiff, was engaged by Charles I. Cragin, the defendant, as cook for his family, at his winter residence at Palm Beach, Fla. Servants had been installed in the Cragin residence, and Cragin and his family were at a hotel, waiting for the house to be put in order for them to occupy it. The plaintiff, on Saturday evening, January 9, 1904, after supper, had stepped out of the kitchen into the yard or garden of Cragin's residence to "cool off," as she says. While she was out, one of the servants locked the door of the kitchen, in accordance with Cragin's orders that the house should be locked up at 6 o'clock in the evening. The plaintiff came back to the door and found it locked. There was another door, apparently entering at the side, and into the part of the house where the other servants were sitting at the time. This door appears from the testimony to have been unlocked, and some of the witnesses say open. The plaintiff knocked on the kitchen door, and, there being no response, she began to kick it. She had a kettle in her hand, which some of the witnesses say she used to strike the door with. This she denies; but there was some evidence going to show that the kettle was badly dented and unfit for use afterwards. Receiving no response to her knocks and kicks, except that the other servants called out for her to go around to the other door, the plaintiff continued her attack on the door, making a split in one of the panels, as she says herself, about two inches long. The servant charged by the defendant with the duty of seeing that the house was locked finally went to the door, opened it, and let the plaintiff in. The next day (Sunday) one of the servants, at church, reported the matter to Mr. Cragin, and he came over on Monday to inquire into it. He had an interview with the plaintiff and the other servants, and after ascertaining the facts he told the plaintiff she must pay for the door. This she refused to do. On Tuesday Mr. Cragin went to West Palm Beach, taking with him one of the servants who had been present when the door was broken. This servant was also his boatman. At West Palm Beach he went to the office of a lawyer, with whom he consulted as to what it was proper for him to do under the circumstances, and what proceedings could be instituted against the plaintiff. The attorney, after hearing Mr. Cragin's account of the matter, told him he would prefer to hear the facts

from some one who had been a witness to the transaction, whereupon Mr. Cragin brought up the boatman and had him state to the attorney what had occurred. After hearing this the attorney advised Mr. Cragin to have a warrant sworn out against Elise de Pape under the following statute of Florida:

"Whoever willfully and maliciously destroys or injures the personal property of another in any manner, or by any means not particularly described in these Revised Statutes, shall be punished by imprisonment not exceeding twelve months or by fine not exceeding one thousand dollars; but when the value of the property so destroyed or injured is not alleged to exceed the sum of $15, the punishment shall be by imprisonment not exceeding thirty days or by fine not exceeding fifteen dollars."

The warrant was sworn out; the boatman making the affidavit on which it was issued. After the warrant issued, the defendant was arrested, carried to Palm Beach, and confined in the local prison for a few hours. She was released in the evening and was tried the next day. Under the law of Florida a justice of the peace has jurisdiction to try and determine criminal cases where the penalty is no greater than provided in the section under which this warrant issued. At the trial the justice of the peace found Elise de Pape not guilty and discharged her. Thereupon she brought this suit in the Circuit Court of the United States, claiming damages in the sum of $5,000, in that the defendant in the proceeding just stated had maliciously and without probable cause instituted a criminal proceeding against her and caused her arrest. There was a trial before a jury in the Circuit Court, and the evidence, while somewhat lengthy, was in substance what has been stated above. After all the evidence had been submitted by the respective parties, the defendant requested the court to instruct the jury to find a verdict for the defendant, which was denied, and the jury found a verdict in favor of the plaintiff. This verdict, although required to be reduced by the court, was allowed to stand.

The question, therefore, is whether under all the evidence in the case the defendant was entitled to a verdict, and this question depends upon the further question: Did the defendant have probable cause for taking the action he did in having the warrant sworn out and Elise de Pape arrested? Where the facts are undisputed, the question of probable cause is one for the court. 19 Am. & Eng. Ency. Law, 673; Stewart v. Sonneborn, 98 U. S. 187, 194, 25 L. Ed. 116; Crescent Live Stock Co. v. Butchers' Union, 120 U. S. 141–149, 7 Sup. Ct. 472, 30 L. Ed. 614. We think the material facts—that is, the controlling facts in this case—are practically undisputed. The plaintiff had broken the defendant's door without any reasonable cause for doing so. She acted clearly from anger at finding herself locked out, even according to her own evidence. Mr. Cragin, wishing the direction of counsel, went to an attorney and laid the matter before him, and, acting on his advice, had a warrant taken out for this slight misdemeanor. While there was some conflict between the witnesses as to the details of the transaction, there was none as to the prominent facts which should govern in the disposition of this case.

The advice of reputable counsel alone, honestly sought and acted upon in good faith, it has been held, will itself furnish a complete de-

fense on an action for malicious prosecution. In Staunton v. Goshorn, 94 Fed. 52, 36 C. C. A. 75, decided by the Circuit Court of Appeals for the Fourth Circuit, this is said in the opinion of the court:

"That the advice of reputable counsel, bona fide sought, and given upon full and fair statement of all the facts and circumstances, and as a consequence of which a prosecution was instituted, will serve as a defense in a suit for malicious prosecution, seems to be too well settled to admit of serious contention"—citing Stewart v. Sonneborn, supra, Saunders v. Palmer, 14 U. S. App. 297, 55 Fed. 217, 5 C. C. A. 77, and Forbes v. Hagman, 75 Va. 168.

But it was unnecessary for the defendant to rely solely upon the advice of counsel as a defense in this case. Taking the occurrence at Cragin's house and the facts connected with it, as they have been stated, the careful inquiry made by Cragin as to what really happened and how it happened, and his seeking the advice of counsel before taking any action, we think clearly shows a case of probable cause, and on undisputed evidence. In this situation it was the right of the defendant to have had a verdict directed in his favor by the court, as matter of law, on the ground that probable cause had been shown for the prosecution and arrest.

The judgment of the Circuit Court is reversed, with direction to award a new trial.