ROSE PECARARO, Appellee, *vs.* JOHN HALBERG, Appellant.

*Opinion filed June 29, 1910—Rehearing denied October 12, 1910.*

1. PRACTICE—*exception to oral charge in the municipal court should be specific.* An exception to the court's oral charge to the jury on the whole case should specifically point out the portion of the charge objected to, and a mere statement in the bill of exceptions that the defendant excepts to each of the instructions for the plaintiff preserves nothing for review, where there are no instructions in the charge purporting to be for the plaintiff and nothing in the bill of exceptions to show that any were requested.

2. ACTIONS AND DEFENSES—*right of the plaintiff in tort to take judgment against one defendant.* The plaintiff in an action of tort against several may take judgment against one of those against whom the verdict is returned and dismiss as to the others, or a new trial may be granted the other without dismissing.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. FRANK P. SADLER, Judge, presiding.

J. W. RICHEY, (S. P. SHOPE, of counsel,) for appellant.

Mr. JUSTICE DUNN delivered the opinion of the court:

On January 7, 1908, Rose Pecararo, the appellee, in company with her mother, was passing along the sidewalk in front of No. 16 Milton avenue, in the city of Chicago, and was injured by falling through a trap-door in the sidewalk. The premises belonged to the appellant, Halberg. The appellee sued the appellant and the city of Chicago in the municipal court. Upon a trial a verdict was returned against both defendants. A new trial was granted the city, but appellant's motion for a new trial was denied and judgment was entered against him on the verdict. This judgment has been affirmed by the Appellate Court, which granted a certificate of importance and allowed an appeal to this court.

The court instructed the jury orally, and the charge, as it appears in the record, is confused, rambling, disconnected and repetitious, due in part, no doubt, to the imperfections of the stenographic report. It is divided into paragraphs, and at the conclusion the bill of exceptions states that the defendant, Halberg, excepted to each of the instructions given for the plaintiff. This exception does not preserve any question for review. If each paragraph should be considered as a separate instruction, none of them purport to be given for the plaintiff and the bill of exceptions does not state that any instruction was requested by the plaintiff. It is impossible to determine from their form or contents what instructions are referred to as given for the plaintiff, and two of the paragraphs criticised and discussed

in the appellant's briefs are apparently intended to call the jury's attention to principles which the defendant would desire impressed upon them. An exception to an oral charge on the whole case should point out specifically the portion of the charge objected to. A general exception to the whole charge is not sufficient. "This is the general rule in all appellate courts, where the practice of oral charges or instructions prevails, and is necessary to prevent inadvertent errors." *Haskins* v. *Haskins,* 67 Ill. 446.

The appellant insists that it was erroneous to enter judgment on the verdict against him and grant the city a new trial without the plaintiff, at the time, dismissing as to the city. The right of a plaintiff in an action of tort to sue as many defendants as he chooses and to have judgment against those, only, who are proved guilty is well established. So is his right to take judgment against a part, only, of those against whom a verdict is rendered. (*Davis* v. *Taylor,* 41 Ill. 405; *Illinois Central Railroad Co.* v. *Foulks,* 191 id. 57; *Postal Telegraph-Cable Co.* v. *Likes,* 225 id. 249.) It does not concern the appellant whether the case is dismissed as to the city or not.

Counsel for appellant have discussed the proposition that where it appears in an action of tort against two defendants that injustice may be done to one if a verdict against both is sustained as to him and a new trial granted his co-defendant, as where circumstances have entered into the trial which might have increased the damages over what they would have been if the cause had been tried against the single defendant, the verdict ought not to be permitted to stand against such defendant. No circumstances of this character are referred to by counsel and no suggestion made of any difference between this case and any other case where a city and an individual are sued jointly. The right to maintain such a suit and to recover against both defendants or either cannot be doubted, and

246—7

no circumstances prejudicial to the appellant by reason of his joinder with the city are shown by the record.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*