# CHARLESTON.

PENCE v. BRYANT *et al.*

Submitted February 6, 1912.    Decided November 4, 1913.

NEW TRIAL—*Joint Defendants—Denial as to Certain Defendants.*

Where, in a joint action for tort against three persons, who unite in the same pleas, the jury finds generally against all of them, the court may, in passing on their motion for a new trial, and the plaintiff's motion for judgment on the verdict against two (naming them), whose guilt the evidence establishes, and to dismiss as to the other, render such judgment as to the two defendants, and set aside the verdict as to the third, of whose guilt there is no proof.

Error to Circuit Court, Mercer County.

Action by Jennie K. Pence against R. G. Bryant and others. Judgment for defendants, and plaintiff brings error.

*Reversed and Entered Here.*

*Williams & Williams,* for plaintiff in error.

*A. W. Reynolds,* for defendants in error.

LYNCH, JUDGE:

Plaintiff sued, in trespass on the case, to recover damages for the obstruction of a public street in front of her hotel property in the town of Bramwell, and for the pollution of the well on her lot by reason of the percolation of impure water thereto from the excavation which constitutes in part the alleged obstruction. The defendants, by joint plea, denied the existence of the street or easement claimed to be affected. They also joined in the general issue of not guilty. Upon the trial, the jury returned a general verdict in favor of plaintiff for fourteen hundred dollars. Thereupon, the defendants

moved for a new trial, on the grounds (1) that there was no evidence to support the verdict as against the Pocahontas Coal & Coke Company, and (2) that the court erred in its rulings on instructions. Plaintiff then offered to dismiss as to the coal and coke company, and asked for judgment against the other two defendants. But, defendants still insisting on their motion, the court wholly set aside the verdict and awarded them all a new trial. It is to reverse this action that this writ of error has been prosecuted by the plaintiff.

Before the jury, the plaintiff substantially proved her cause of action. The nature and extent of the injuries to her property were clearly shown. The damage was traced to the conduct of the defendants Bryant and Hamilton as the proximate cause. But there was no proof of participation in the wrong by the Pocahontas Coal & Coke Co.

Although doubtful whether the instructions are properly presented by bills of exceptions, we may nevertheless say that those given for plaintiff correctly propound the law applicable to the facts proved. By number one, the court told the jury that the ordinance discontinuing part of the obstructed street as a public highway "is not evidence for any purpose in this case", and that therefore they should not consider it. For reasons stated by Judge BRANNON in *Pence v. Bryant*, 54 W. Va. 270, an injunction suit between the same parties concerning the same subject matter as are here involved, this instruction was not improper. The owner of a lot abutting on a street has a right to access to the street, for the obstruction of which, whether by an individual or by the municipality itself, he is entitled to compensation in damages commensurate with his injury. 2 Smith Mun. Corp. §1283; 5 Am. R. & Corp. Cas. 117; 2 Dillon Mun. Corp. §6566; Elliott on Roads and Streets §877; *Sherlock v. Kansas City*, 64 Am. St. 551; Lewis on Em. Dom., §134; *Moore v. Carsen*, 17 Am. St. 681. These authorities also show the propriety of plaintiff's instruction number two. Her third and fourth instructions were clearly proper. In effect, they state that, if the jury believe the evidence sufficient to support the declaration, they should return a verdict for the plaintiff, in an amount fully compensating her for the injury sustained.

Defendant's instruction number three, refused, was bad;

because it limited recovery to defendants' acts prior to February 1, 1904, and not to May 30, 1904, the date of the action. The theory of its proponents was that the ordinance of the former date, vacating part of the obstructed street, operated to defeat recovery for injury sustained by plaintiff thereafter; which, as stated, is an erroneous theory. But defendants' instruction number five should have been given. While perhaps its language was not explicit enough to avoid danger of an improper inference by the jury, its purpose was to say, and perhaps it did with sufficient definiteness state, that, while the jury might find against Bryant and Hamilton or not, according to the testimony, yet, in no aspect, could it find against the Pocahontas Coal & Coke Company. The jury could not, with any degree of propriety, as heretofore stated, find against the company, for the sufficient reason that the evidence entirely exonerated it from any part in the consummation of plaintiff's injury. Yet the jury included it in the verdict, on some theory not now apparent. Had this instruction been given, there would have been no occasion for wholly setting aside the verdict, as the court apparently did, because of lack of proof as to the coal and coke company.

It is true, this court held in *Tracy* v. *Cloyd*, 10 W. Va. 19, that a verdict against joint trespassers upon a joint plea can not be vacated as to only one of the defendants. But in that case the defendants did not request a similar instruction: nor did the plaintiff after verdict offer to dismiss as to the defendants whose guilt was not proved and ask for judgment against the others. No substantial reason suggests itself excusing the refusal to permit the plaintiff here to dismiss as to the coal and coke company and take judgment against Bryant and Hamilton, as to whom the proof was entirely sufficient. Such refusal, it is true, finds some support in a few early cases; but it is purely technical, and not sustained by reason or by later authorities. *Railroad Co.* v. *Foulks*, 191 Ill. 58; *Nordhaus* v. *Railroad Co.*, 242 Ill. 166; *Pecaro* v. *Halberg*, 246 Ill. 95. In the first case cited, the court said: "A plaintiff in an action of tort may take judgment against as many defendants as he pleases. The liability of tort feasors is joint and several, and the person injured can select which of them he chooses to have judgment against". And in the second case: "While the

action was joint, the liability was joint and several. Several persons acting independently, but causing together a single injury, may be sued either jointly or severally; and the injured party may, at his election, sue any of them separately, or he may sue all or any number of them jointly. If he sues all, he may, at any time before judgment, dismiss as to either or any of the defendants and proceed as to the others." In the other case cited, the court said: "The right of a plaintiff in an action of tort to sue as many defendants as he chooses and to have judgment against those, only, who are proved guilty, is well established. So is his right to take judgment against a part, only, of those against whom a verdict is rendered. It does not concern the appellant (a codefendant) whether the case is dismissed as to the city (the other defendant) or not."

But suppose no offer had been made to dismiss as to the Pocahontas Coal & Coke Company. It was still the duty of the court, under the modern rule, established by an overwhelming weight of authority, to grant a new trial as to it alone, leaving the verdict stand as to the other two defendants. "In an action against two charging them jointly with the commission of a tort, if the evidence sustains the charge against one, but not as against the other, the verdict as to the one against whom no proof is made, will, upon his application, be set aside, and the judgment be permitted to stand as against the party proven guilty of the wrong which caused the damage". *Hayden* v. *Woods*, 16 Neb. 306. *Gross* v. *Scheel*, 67 Neb. 223; *Loving* v. *Com.*, 103 Ky. 534; *Seeley* v. *Chittenden*, 4 How. Pr. (N. Y.) 264; *Albright* v. *McTighe*, 49 Fed. 817; *Pecaro* v. *Halberg*, 246 Ill. 95; *Railway Co.* v. *Gore*, 106 Tenn. 390; *Terpenning* v. *Gallup*, 8 Ia. 74; *Kansas City* v. *File*, 60 Kan. 157; *Moreland* v. *Durocher*, 121 Mich. 398; *Heffner* v. *Moyst*, 40 Oh. St. 112; *Railway* v. *Moore* (Tex.), 119 S. W. 697; *Sparrow* v. *Bromage*, 83 Conn. 27, 27 L. R. A. N. S. 209, and note. See also *Railroad Co.* v. *Jones*, 155 U. S. 333, 354; *Gaslight* v. *Lansden*, 172 U. S. 556. In the first five of these cases, there were a joint plea and a joint verdict. The law is well summarized in *Sparrow* v. *Bromage*: "Where two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or in doing it

under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants. There is no apportionment of responsibility, and no right of contribution or indemnity between them. One may be sued severally, or any or all together. Where more than one is sued, a verdict or judgment may be rendered for or against any or all. Where judgment is rendered against more than one, it is in legal effect several as well as joint. The liability continues to be a several one. The judgment may be reversed as against one or more, and sustained as against others. These well settled principles as to the nature of the liabilities of joint tort feasors, and the legal effect accorded to legal processes to enforce that liability, lead logically and naturally to the conclusion that, when a verdict is returned against several, the court may deal with it in further proceedings as with verdicts returned against each in separate actions. To so deal with the verdict and set it aside as to some, and not as to others, is not to depart from it in the rendition of a judgment upon it against those others. Such a judgment pursues it in its legal aspect as a several verdict against each''; citing Cooley on Torts 224, 226, and many other cases.

In *Kansas City* v. *File, supra,* the court said: ''Error is claimed because of the refusal of the court to grant a new trial to the city while allowing one to the light company. The case against the two defendants was of course tried as a single action. What the reason was for awarding a new trial to one while refusing it to the other is not shown by the record. Counsel in argument say the court thought that the evidence of the light company's ownership of the line of wire upon which the accident occurred was not satisfactorily established. If so, its action was justifiable. Be that as it may, no legal reason exists why a new trial might not be granted to one defendant and denied to the other. The plaintiff could have prosecuted actions against them separately and recovered separate judgments. Neither one had the right to insist upon the joinder of the other with it, and in fact, as already stated, the city objected to the joinder of the light company with it. Inasmuch as separate actions could have been maintained against each of the defendants, neither of them had the right

to insist that the other be retained in the case until final trial and judgment".

So also in *Albright* v. *McTighe, supra,* the court says: "It is settled beyond all controversy that the liability of defendants in a suit for tort is joint and several. All the persons liable, or any one or more of them, may be sued in the same action, and a recovery may be had against one or more or all the defendants in the suit, or plaintiff may, at his election, bring several actions against persons engaged in the same wrongdoing, joining them as he pleases, and may obtain several judgments for different amounts; but his acceptance of satisfaction of any one of the judgments will operate as a satisfaction of them all. *Lovejoy* v. *Murray,* 3 Wall. 1; *Chaffee* v. *U. S.,* 18 Wall. 516; Cooley on Torts 136. And in Tennessee, as elsewhere, the plaintiff may elect which judgment he will enforce. *Knott* v. *Cunningham,* 2 Sneed 204; *Christian* v. *Hoover,* 6 Yerg. 505. Defendants McTighe and McKee strenuously insist that Sullivan can not alone be granted a new trial of the issue upon this record, as he was sued jointly with them, pleaded jointly with them, defended jointly with them at the trial, which resulted in a joint judgment against them all, and with them jointly moved for a new trial; and that his subsequent motion can not avail him, without necessarily inuring to their benefit. That Sullivan should have a new trial, they agree, but claim that for the error as to him there must be a new trial as to them also. * * * Without further citation or review of the authorities, I am well satisfied that the court has power to grant Sullivan a new trial of this case and overrule the motion as to the other defendants".

Our conclusion is that the circuit court erred in refusing plaintiff's motion for judgment against Bryant and Hamilton on the verdict; which error being correctible here, under the statute, such judgment as the court should have entered will be entered here, and the verdict set aside as to the coal and coke company, with costs to the plaintiff in error against Bryant and Hamilton.

*Reversed and Entered Here.*