## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### BARRETT BROTHERS V. FELIE.

#### March 13, 1919.

1. DAMAGES—*Pleading—Exemplary Damages.*—Under the common law system of pleading, damages which do not necessarily flow from the act or omission complained of must be specially pleaded, but damages which are the necessary and proximate result of such act or omission are termed general, and are legally imported, and may be recovered, although not specially claimed in the declaration. If the facts averred in the declaration show that the plaintiff is entitled to recover exemplary damages, they need not be claimed *eo nomine.* If a more specific statement of the elements of damage be desired, it may be demanded under the provisions of section 3249 of the Code of 1904.

2. DAMAGES—*Exemplary Damages—Pleading—Case at Bar.*—In an action of trespass *quare clausum fregit* for breaking and entering plaintiff's close and removing his furniture and effects from a building leased by plaintiff from defendants, the declaration was in common form, and covered general and not special damages. Punitive or exemplary damages were not only not claimed *eo nomine,* but the declaration did not aver such a state of facts as showed that the recovery of such damages was contemplated. It was not even alleged that the trespass was done wilfully, negligently, wrongfully or maliciously, and the defendants had no reason to suppose that they would have to answer for other than actual or compensatory damages.

    *Held:* That defendants were liable for compensatory damages only and not for exemplary damages.

3. EXEMPLARY DAMAGES — *Partnership — Liability of Partner.* —A partner who knew nothing of an alleged trespass of a partnership until after suit was brought, and neither authorized nor ratified it, is not liable for punitive or exemplary damages.

Error to a judgment of the Circuit Court of city of Newport News, in an action of trespass *quare clausum fregit.* Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*J. A. Massie,* for the plaintiff in error.

*T. J. Christian* and *W. T. Moss,* for the defendant in error.

WHITTLE, P., delivered the opinion of the court.

Defendant in error brought this action of trespass *quare clausum fregit* against plaintiffs in error, a partnership composed of W. E. Barrett and F. M. Barrett, to recover damages for breaking and entering his close and removing his furniture and effects from a building located in the city of Newport News leased by plaintiff from the defendants. There was a verdict and judgment in favor of plaintiff for $500 to which judgment this writ of error was granted.

The material facts may thus be summarized: Plaintiffs in error, as partners, were general rental agents, the business being under the direction and control of F. M. Barrett who leased and collected the rents of a house in the city of Newport News owned by W. E. Barrett and W. B. Vest. One A. Francesco verbally leased the ground floor for a restaurant and the upstairs for living rooms. Francesco subsequently sold his restaurant and assigned both leases to the purchaser, who thereupon took possession and occupied the premises for some time. The purchaser failing to pay the entire purchase price, Francesco took the property back, including the leases, and then sold the restaurant to the plaintiff, Felie, and transferred the possession of the entire building to him. Plaintiff conducted a restaurant on the ground floor and occupied the flat above, paying a rental of $12.50 per month for each in advance, for the restaurant to August 1st and for the upstairs rooms to August 10th. He failed to meet his deferred payments on the restaurant, and Francesco in July took possession of the same and refunded to plaintiff part of the cash payment he had made therefor.

65

Francesco then went to the office of defendants and informed F. M. Barrett that he had taken the place back, and that plaintiff had removed to Richmond, and inquired if the plaintiff owed them any rent, and was told that he only owed $2.00 for water rent, that the rent for the restaurant and upstairs had been paid as before stated. Thereupon, Francesco notified F. M. Barrett that he had sold the restaurant to one Beauchamp, and desired to put him in possession. F. M. Barrett informed Beauchamp that the rent had been paid for some days, and there would be no rent due until the beginning of the new month. F. M. Barrett inquired of Francesco what he was going to do about some furniture he owned upstairs, and Francesco told him that he would remove it next day. A day or two afterwards, F. M. Barrett sent Berger, who was employed in their office, to remove into the hall, as he thought, one or two pieces of old furniture belonging to Francesco in the upstairs rooms, so that Beauchamp might take possession of the entire premises. Berger went to the house to remove the stuff as directed, but found more furniture than was anticipated, and an old woman in the upstairs rooms, who subsequently proved to be Mrs. Felie, though F. M. Barrett did not know that it was Mrs. Felie, but thought she was another Italian woman who had been squatting in their property in that vicinity. Berger then, with the help of two colored men, had the furniture, consisting of three iron beds, three tables, six chairs, four rocking chairs, two beds, two trunks, with bed clothing and wearing apparel in them, moved into the alley, and fastened up the house. The articles remained in the alley until next morning, when a neighbor had them removed to his house, where some of them yet remain, the rest having been shipped to plaintiff in Richmond. This neighbor also took care of Mrs. Felie, without charge, until she joined her husband in Richmond. W. E. Barrett, the other partner, knew nothing of the alleged trespass until

after the institution of the suit, and then authorized his counsel to investigate the matter and pay the parties any actual damage they had sustained. F. M. Barrett thought the Felies had moved all their belongings, and that the furniture found on the premises belonged to Francesco, and directed it to be put in the hall, so that Beauchamp, to whom Francesco had turned over the property, could occupy it.

[1, 2] Plaintiff testified that he bought the furniture three years before at a cost of $500 and that it "was worth more today than it was then and could not be replaced for less than $500." At the request of the plaintiff, among other instructions, the court told the jury that if they should find for the plaintiff, in assessing his damages, they might take into account compensation for damage to his household furniture, and for mental suffering, if any, sustained by reason of such wrongful act or acts, including injury to his feelings, if any, sustained by reason of the occasion; and if the jury believed that the act complained of was committed with actual malice, forcibly, and with a design to injure or oppress the plaintiff, he might also recover punitive or exemplary damages—that is to say, the jury would not be limited to mere compensation for the actual damages sustained by him; but might give such further damages as they thought right, in view of all the circumstances proved at the trial, by way of punishment to the defendant as a salutary example to others to deter them from offending in like manner, but not exceeding $1,000, the amount demanded.

In the case of *Wood* v. *American National Bank*, 100 Va. 306, 40 S. E. 931, it was held: "Under the common law system of pleading, damages which do not necessarily flow from the act or omission complained of must be specially pleaded, but damages which are the necessary and proximate result of such act or omission are termed general, and are legally imported, and may be recovered, although not specially claimed in the declaration. If the facts averred in

the declaration show that the plaintiff is entitled to recover exemplary damages, they need not be claimed *eo nomine.* If a more specific statement of the elements of damage be desired, it may be demanded under the provisions of section 3249 of the Code."

The declaration in the present case is in common form, and covers general and not special damages. Punitive or exemplary damages are not only claimed *eo nomine,* but the declaration does not aver such a state of facts as show that the recovery of such damages was contemplated. It is not even alleged that the trespass was done wilfully, negligently, wrongfully or maliciously; and the defendants had no reason to suppose that they would have to answer for other than actual or compensatory damages.

In a similar action to recover damages for breaking and entering plaintiff's close, and cutting and converting trees. this court held that where the trespass was not wilful the damages were merely compensatory. *Wood* v. *Weaver,* 121 Va. 250, 92 S. E. 1001.

The case of *Norfolk & Western Ry. Co.* v. *Neely,* 99 Va. 539, 22 S. E. 367, illustrates the considerations that should govern in assessing damages in this class of cases. Judge Riely delivered the opinion of the court, and it was held that "a passenger who is unlawfully expelled from a railroad train by the conductor thereof is entitled to recover damages therefor of the company. If the expulsion, though unlawful, did not proceed from any ill motive, and was not rudely or recklessly done, nor in such manner as to evince malice or a conscious disregard of the rights of others, and was simply the result of a mistake, the passenger cannot recover punitive damages, but only compensation, and, on the evidence certified, his damages should be limited to compensation for the inconvenience, delay and fatigue to which he was put, and a suitable recompense for the injury done to his feelings, in being expelled from the train."

[3] It should also be observed that the judgment under review is against the partnership, and rests equally upon W. E. Barrett, who knew nothing of the alleged trespass until after suit brought, and neither authorized nor ratified it. In these circumstances he was plainly not liable for punitive or exemplary damages. *Henry Myers & Co.* v. *Lewis,* 121 Va. 50, 92 S. E. 988.

Obviously, the case was tried upon an erroneous theory as to the correct measure of damages, both under the pleading and evidence, and that conclusion renders it unnecessary to notice in detail the other assignments of error, most if not all of which are not likely to arise at the next trial.

Upon these considerations, the judgment must be reversed and annulled, the verdict of the jury set aside, and the case remanded for a new trial to be had conformably to the views expressed in this opinion.

*Reversed.*