# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## BROUDY-KANTOR COMPANY, ET ALS., V. MAX LEVIN.

### March 15, 1923.

1. EXEMPLARY DAMAGES—*Partnership—Agency—Liability of Partnership or Principal for Exemplary Damages.*—In an action of trespass on the case for the wrongful taking away of defendant's property, the court instructed the jury that there might be a recovery of exemplary damages against all the defendants if the defendants or either of them committed the acts complained of in willful disregard of the plaintiff's rights. There was no evidence that one of the defendants, a member of a partnership, authorized or subsequently ratified the wrongful conduct of the partnership, and there was no evidence that another of the defendants, a principal, previously authorized, and but little, if any, that he subsequently ratified the wrongful conduct of his agent.

   *Held:* That, under these circumstances, the giving of the instruction constituted error, and since the Supreme Court of Appeals was satisfied from the record that the verdict and judgment was in part composed of exemplary or punitive damages, the error was harmful to those defendants.

2. EXEMPLARY DAMAGES—*Partnership—Agency—Liability of Partnership or Principal for Exemplary Damages.*—In an action against a partnership or a principal for trespass, if the principal or one of the partners knew nothing of the alleged trespass until after suit was brought, and neither authorized nor ratified it, he is not liable for punitive or exemplary damages.

3. EXEMPLARY DAMAGES—*Partnership—Agency—Liability of Partnership or Principal for Exemplary Damages—Acceptance of Benefits as Evidence of Ratification.*—The mere receipt of a benefit is not a ratification of the tortious act from which the benefit was derived since "ratification never takes place without knowledge."

4. EXEMPLARY DAMAGES—*Partnership—Agency—Liability of Partnership or Principal for Exemplary Damages—Ratification—Knowledge of Misconduct Acquired After Suit Brought.*—It would be most unjust to hold that a partner or principal cannot in good faith defend himself against a charge of liability in punitive damages for conduct of a copartner or agent, after acquiring knowledge of what that conduct was subsequently to the institution of the suit, except upon pain of being

considered as having ratified that conduct by the mere fact of making such defense. Any knowledge of the wrongful conduct acquired after suit brought would be immaterial upon the subject of ratification if the plea of not guilty was entered in good faith.

5. NEW TRIALS—*Joint Defendants in Action of Tort—New Trial as to One.*— According to the early decisions on the subject, in this country and in England, if a new trial be granted to one defendant in an action of tort, where the verdict is a joint verdict against several defendants, it must be granted to all of the defendants. But under the modern rule the trial and appellate courts have the authority to set aside such a verdict as to one or more defendants, and allow it to stand as to other defendants.

6. NEW TRIALS—*Joint Defendants in Action of Tort—New Trial as to One— Discretion of Court.*—The authority of the trial or appellate courts, in an action of tort against several defendants to set aside a joint verdict against all defendants as to one or more of the defendants and allow it to stand as to other defendants, is to be exercised in accordance with a sound judicial discretion; and the verdict will be allowed to stand as against one or more of the defendants, when it is set aside as to another or others, only where the court is satisfied that there is no just reason for granting a new trial to those as to whom the verdict is allowed to stand.

7. NEW TRIALS—*Joint Defendants in Action of Tort—New Trial as to One— Jury Improperly Instructed as to Measure of Damages.*—Where, in an action for tort against several defendants, a new trial must be granted as to one or more of the defendants, and the jury have been improperly instructed as to the measure of the damages, a new trial will be granted to all of the defendants. For in such case, the question arises whether the jury would have returned a verdict of the same amount against a portion of the defendants as it did against all of them.

8. NEW TRIALS—*Joint Defendants in Action of Tort—New Trial as to One— Jury Improperly Instructed as to Measure of Damages—Case at Bar.*— In the instant case, an action of trespass on the case against several defendants for the wrongful taking of plaintiff's property, the trial was had upon the erroneous supposition that all of the defendants were equally guilty and equally liable. No distinction was made between them in respect to liability for punitive or exemplary damages, and the verdict was given upon the basis that the defenbants were all liable for such damages.

*Held:* That the verdict must be set aside as to all defendants and not only as to the defendants not liable for punitive damages.

9. NEW TRIALS—*Joint Defendants in Action of Tort—New Trial as to One.*— The court, in granting a new trial in the case of a joint verdict in an action of tort, will grant it as to all of the defendants, when not to do so would likely work an injustice.

10. TRESPASS—*Advice of Counsel as Defense to Action of Trespass—Requisites of Defense.*—More is essential to entitle a defendant in an action of trespass to rely upon the defense that he acted under advice of counsel than the mere consultation of counsel and acting upon his advice. The advice must have been of reputable counsel; it must have been *bona fide* sought; and it must have been given upon a full, correct, and honest disclosure of all material facts within the knowledge of the party seeking such advice, or which should have been within his knowledge, if he had made a reasonably careful investigation.

11. TRESPASS—*Advice of Counsel as Defense to Action of Trespass—Instructions—Case at Bar.*—In the instant case, an action for trespass, there was testimony for the plaintiff tending to show that the advice of counsel was not *bona fide* sought and was not given upon a full, correct, and honest disclosure. The trial court refused to give the following instruction: "If you believe from the evidence that the defendants consulted counsel with regard to the removal of the goods in question and acted upon the advice of counsel, that this fact would negative any wilful disregard of plaintiff's rights on the part of the defendants."

*Held:* No error.

12. TRESPASS—*Advice of Counsel as Defense to Action of Trespass—Instructions.*—In an action for trespass an instruction upon advice of counsel as a defense, which omitted to mention the essentials that the advice must have been *bona fide* sought and must have been given after full disclosure of the facts—two features which were material in view of the evidence—is erroneous.

13. TRESPASS—*Instructions—Advice of Counsel—Wilful Disregard of Plaintiff's Rights.*—In the instant case, an action for trespass in taking defendant's goods, the court instructed the jury that, if defendants consulted counsel and acted upon the advice of counsel, "this fact may be considered along with all the other facts in the case in determining whether or not they acted in wilful disregard of the plaintiff's rights."

*Held:* That the instruction was so general in its terms that it left the jury without instruction with respect to the specific defense upon which defendants, by another instruction, asked the court to instruct the jury, and upon which they were entitled to an instruction embodying the correct rule.

14. INSTRUCTIONS—*Damages—Duty of the Court to Give Proper Instruction when Refusing Improper.*—Where the court is asked to instruct the jury on a material and vital point touching the damages recoverable, involved in their consideration of the evidence, if the instruction asked is not in proper form, there is a duty upon the court, in such case, to properly instruct the jury on such point, because the failure of the court to do so "is calculated to mislead the jury." Whether

such a result would likely follow such failure of the court, so that such non-action would be reversible error, will, of course, depend in each case upon the character of the point involved and the evidence or lack of evidence bearing upon it.

Error to a judgment of the Circuit Court of the city of Norfolk, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Reversed and new trial granted.*

This is an action of trespass on the case instituted by the defendant in error, Max Levin (who will be hereinafter called plaintiff), against all of the plaintiffs in error (who will hereinafter be called defendants or referred to by their individual names), to recover damages for the alleged wrongful and wilful misconduct of the defendants in taking and carrying away, in satisfaction of certain debts owing to the defendants, the fixtures and the more valuable part of a certain stock of goods belonging to the plaintiff, of the aggregate value of $3,000.00 (*i. e.*, the fixtures and the part of the stock of goods so taken being of the aggregate value of $3,000.00, as alleged in the declaration), from the place of business of the plaintiff, without his consent, whereby, as is alleged in the declaration, the plaintiff "was caused the embarrassment and loss of his credit and good standing and has lost his entire business * * to the damage of the said plaintiff of * * $12,500.00 * * ."

The verdict of the jury was as follows: "We the jury find for the plaintiff and fix the damages at four thousand dollars ($4,000.00)."

The defendants moved to set aside the verdict. The motion was overruled and the judgment under review was entered by the trial court against all of the defendants in accordance with the verdict.

*Tazewell Taylor,* for the plaintiffs in error.

*I. W. Jacobs* and *H. E. McCoy,* for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court.

In so far as deemed needful, the questions raised by the assignments of error will be disposed of in their order as stated below.

[1, 2] 1. Did the court err in giving the following instruction?

"The court further instructs the jury that should they believe from the evidence that the defendants, or either of them, committed the acts complained of in the declaration and that the said acts were committed in wilful disregard of plaintiff's rights in order to illegally get possession of the property mentioned in the declaration, then the plaintiff is entitled to recover not only the determinable money loss which the evidence may show he sustained, but such exemplary and punitive damages as in their opinion are called for by the circumstances of the case, and the jury are instructed that punitive or exemplary damages are damages which are allowed, when one party has injured the other in a wanton, wilful and oppressive manner, in disregard of his rights, as a warning to him or them and other persons to prevent them from committing like offenses in the future."

There is no evidence in the record that Morris Broudy, one of the defendant partners composing the partnership of Broudy-Kantor Company, in any way previously authorized or subsequently ratified the wrongful conduct of such partnership complained of, and there is no evidence that S. Yaffey previously au-

thorized, and but little, if any, that the latter subsequently ratified the wrongful conduct of Moses Yaffey, trading as S. Yaffey; and admittedly neither Morris Broudy nor S. Yaffey took any actual part in such wrongful conduct. The only connection of these persons with the subject, which the record shows, is that they were both made and are parties defendant to the action, and that the former was one of the partners, and that the latter was the principal, of the aforesaid business firms, respectively.

The question must, therefore, be answered in the affirmative.

As said in *Barrett Brothers* v. *Felie*, 124 Va. at page 517, 98 S. E. 671: "It should also be observed that the judgment under review is against a partnership and rests equally upon W. E. Barrett, who knew nothing of the alleged trespass until after suit brought, and neither authorized nor ratified it. In these circumstances he was plainly not liable for punitive or exemplary damages."

See to same effect *Myers* v. *Lewis*, 121 Va. 50, 76, 92 S. E. 988; *Southern Ry. Co.* v. *Grubbs*, 115 Va. 876, 80 S. E. 749.

[3, 4] That Morris Broudy and S. Yaffey, respectively, received benefit from the wrongful conduct, for which their respective firms are, under established principles, liable for compensatory damages, is immaterial upon the question of ratification by them of such conduct. See *Myers* v. *Lewis*, *supra*, 121 Va. 50, at p. 72, 92 S. E. 988, 995, and authorities cited. As there said: "*   *   the mere receipt of a benefit is not a ratification of the tortious act from which the benefit was derived, since 'ratification never takes place without knowledge.' " We find nothing in conflict with this view of the subject in *Peshine* v. *Shepperson*, 17 Gratt. (58 Va.)

472, 94 Am. Dec. 468, or in *Franklin, etc., Co.* v. *Nash,* 118 Va. 98, 86 S. E. 836, cited and relied on for the plaintiff.

In the instant case there is no evidence that either of the persons under consideration had any knowledge of the wrongful conduct in question prior to the time the action was instituted, or, indeed, even up to or during the time of the trial. We will say, however, that where, as in the instant case, the trial was upon the issue made by the plea of not guilty, interposed by all of the defendants, any knowledge of the wrongful conduct acquired after suit brought would be immaterial upon the aforesaid subject of ratification, if the plea of not guilty was entered in good faith. For it would be most unjust to hold that a partner or principal cannot in good faith defend himself against a charge of liability in punitive damages for conduct of a copartner, or agent, after acquiring knowledge of what the conduct is subsequently to the institution of the suit, except upon pain of being considered as having ratified that conduct by the mere fact of making such defense.

2. Was the error in giving the instruction above mentioned harmful to the defendants Morris Broudy and S. Yaffey, so that it constitutes reversible error?

The question must be answered in the affirmative.

Since, in view of this conclusion, a new trial will have to be had, we deem it best not to express our opinion in detail upon the amount of compensatory damages as to which we think it may be said that the verdict is supported by the evidence. We deem it sufficient to say that we are satisfied from the record that the verdict and judgment for $4,000.00 is in part composed of exemplary or punitive damages. Hence there is no escape from the conclusion that the instruction was harmful to the defendants just mentioned.

19

It follows as a necessary consequence, therefore, that the verdict must be set aside and a new trial granted, certainly as to the two defendants last mentioned. The next question we have to determine is this:

[5, 6] 3. Should we set aside the verdict and grant a new trial as to all of the defendants?

The question must be answered in the affirmative.

According to the early decisions on the subject, in this country and in England, if a new trial be granted to one defendant in an action of tort, where the verdict is a joint verdict against several defendants, it must be granted to all of the defendants. See note in 19 Am. & Eng. Ann. Cas. 797–8; *Bicknell* v. *Dorion*, 16 Pick. (Mass.) 478; 1 Black on Judg. sec. 211. Under this rule the court had no discretion in the matter. The modern decisions, in this country at least, almost if not quite unanimously, are to the effect that the trial and appellate courts have the authority to set aside such a verdict as to one or more defendants and to allow it to stand as to other defendants. Note in Am. & Eng. Ann. Cas. 798–9; *Albright* v. *McTighe* (C. C.), 49 Fed. 817; *Pence* v. *Bryant*, 73 W. Va. 126, 80 S. E. 137; *Hayden* v. *Woods*, 16 Neb. 306, 20 N. W. 345; *Gross* v. *Scheel*, 67 Neb. 225, 93 N. W. 418; *Loving* v. *Commonwealth*, 103 Ky. 534, 45 S. W. 773; *Seeley* v. *Chittenden*, 4 How. Prac. (N. Y.) 265; *Pecararo* v. *Halberg*, 246 Ill. 95, 92 N. E. 600; *Railway Co.* v. *Gore*, 106 Tenn. 390, 61 S. W. 777; *Terpenning* v. *Gallup*, 8 Iowa 74; *Kansas City* v. *File*, 60 Kan. 157, 55 Pac. 877; *Moreland* v. *Durocher*, 121 Mich. 398, 80 N. W. 284; *Heffner* v. *Moyst*, 40 Ohio St. 112; *Railway* v. *Moore* (Tex. Civ. App.), 119 S. W. 697; *Sparrow* v. *Bromage*, 83 Conn. 27, 74 Atl. 1070, 19 Am. & Eng. Cas. 796; *Washington Gaslight Co.* v. *Lansden*, 172 U. S. 534, 19 Sup. Ct. 296, 43 L. Ed. 543; *Strand* v. *Griffith* (C. C.), 109 Fed. 597. But, by the holding

of such decisions, such authority is to be exercised in accordance with a sound judicial discretion; and the verdict will be allowed to stand as against one or more of the defendants, when it is set aside as to another or others, only where the court is satisfied there is no just reason for granting a new trial to those as to whom the verdict is allowed to stand.

[7] Where a joint verdict in an action of tort is set aside as to one or more of the defendants because there is no evidence of their guilt, and there is sufficient evidence to sustain the verdict as to the other defendant or defendants, and the jury have been properly instructed with respect to the measure of damages recoverable of the latter, the uniform practice in modern times is to refuse a new trial to them. But the modern practice seems also to be uniform, where the question has arisen, to grant a new trial to all of the defendants, if the verdict is to be set aside as to any one of them, where the jury have not been properly instructed as to the measure of damages. For in such case, the question arises whether the jury would have returned a verdict of the same amount against a portion of the defendants as it did against all of them, and the court can but feel that, as the jury have never been called on to render the verdict they have rendered against a portion of the defendants only, injustice will likely be done them if the verdict is allowed to stand as to them. *Albright* v. *McTighe, supra*, 49 Fed. 817; *Washington Gaslight Co.* v. *Lansden, supra*, 172 U. S. 534, 19 Sup. Ct. 296, 43 L. Ed. 543.

[8, 9] In the instant case, as appears from the erroneous instruction given as above set forth, as in the two cases just cited, the trial was had upon the erroneous supposition that all of the defendants were equally guilty and equally liable. No distinction was made be-

tween them in respect to liability for punitive or exemplary damages, and the verdict was given, as we must infer, upon the basis that the defendants were all liable for such damages. As said in the opinion in *Albright* v. *McTighe, supra:* "* * it would be yielding too much to a sense of justice to an outraged plaintiff and in some sense would be assuming the power and authority of the jury in affixing damages for the court to discharge one of (the defendants) and hold only two, when the jury had not had their attention called to the matter in that way. To invoke the rule of the separate liability of each and every one of several joint tort feasors for the first time in the trial of a case upon the motion for a new trial and to enforce it by a ruling that one may be discharged after a verdict against all, may be lawful enough under some circumstances, but a court acting impartially towards all parties must feel a sense of injustice where it appears that neither in the declaration, the pleas, the arguments of counsel nor the charge of the court were the jury invited to give their consideration to that subject. * *. It is too much like a verdict by the court, (rather) than one by the jury, to take advantage of these technicalities by refusing two of the defendants a new trial which is given to another. * *" The opinion of the Supreme Court in *Washington Gaslight Co.* v. *Lansden* is to the same effect.

It is true that in the former of the cases just referred to there was evidence touching the financial worth of the partnership, which the plaintiff alleged was composed of the three partners who were sued as defendants (the partners constituting the only defendants), there being no evidence, however, as to the financial worth of any of the individual partners; and in the latter case there was evidence, improperly admitted as the court held, of the financial worth of one of the defend-

ants; and this feature of evidence present in those cases is urged in argument for the plaintiff as being the basis for the aforesaid holding of such cases. But it clearly appears from a reading of the cases that this position is untenable; the cases cannot be distinguished on that ground; their holding is based upon the broad principle aforesaid that the court in granting a new trial in the case of a joint verdict in an action of tort will grant it as to all of the defendants when not to do so would likely work an injustice.

[10, 11] 4. Did the trial court err in refusing the following instruction asked by the defendants?

"The court instructs the jury that if you believe from the evidence that the defendants consulted counsel with regard to the removal of the goods in question and acted upon the advice of counsel, that this fact would negative any wilful disregard of plaintiff's rights on the part of the defendants."

This question must be answered in the negative.

More is essential to entitle a defendant to rely upon the defense set up in the instruction in question than the mere consultation of counsel and the having acted upon the advice of counsel. The advice must have been of reputable counsel; it must have been *bona fide* sought; and it must have been given upon a full, correct and honest disclosure of all material facts within the knowledge of the party seeking such advice, or which should have been within his knowledge if he had made a reasonably careful investigation. *Commander* v. *Prov. Relief Ass'n*, 126 Va. 456, 464, 102 S. E. 89, and authorities there cited; *Clinchfield Coal Corp.* v. *Redd*, 123 Va. 420, 437–8, 96 S. E. 836; *Forbes* v. *Hagman*, 75 Va. 168; *Cragin* v. *De Pape*, 159 Fed. 691, 86 C. C. A. 559.

No claim seems to have been made in the instant case that the advice was not that of reputable counsel; but,

while there is conflict in the evidence on the subject, there is testimony for the plaintiff tending to show that the advice was not *bona fide* sought and was not given upon the full, correct and honest disclosure which the law, as aforesaid, requires. As the case has to be tried again we deem it best to make merely this general statement without going into the details of the evidence on the subject. Such being the evidence the instruction as asked was properly refused.

[12, 13] In lieu of the instruction just mentioned, which was asked by the defendants and refused, the court gave the following instruction, namely:

"The court instructs the jury that if you believe from the evidence that the defendants consulted counsel with regard to the removal of the goods in question and acted upon the advice of counsel, that this fact may be considered along with all the other facts in the case in determining whether or not they acted in wilful disregard of the plaintiff's rights."

This presents the following question for our decision:

5. Did the court err in giving this instruction?

The question must be answered in the affirmative.

In the first place, this instruction, in its omission of all mention of the essentials that the advice must have been *bona fide* sought and must have been given upon the disclosure aforesaid—two features which were material in view of the evidence in the case—falls precisely within the above condemnation of instruction No. 6 asked for by the defendants and refused by the court. Secondly, the language of the instruction given, in its direction that the fact referred to might be considered by the jury "along with all the other facts in the case" in reaching the determination mentioned, is so general in its terms that it in fact leaves the jury without instruction with respect to the specific defense upon which

the defendants by their instruction No. 6 asked the court to instruct the jury and upon which they were entitled to an instruction embodying the correct rule on the subject.

[14] As held in *Peshine* v. *Shepperson*, *supra*, 17 Gratt. (58 Va.), 472, 484–489, 94 Am. Dec. 468, where the court is asked to instruct the jury on a material and vital point touching the damages recoverable involved in their consideration of the evidence, if the instruction asked is not in proper form, there is a duty upon the court, in such case, to properly instruct the jury on such point, because the failure of the court to do so "is calculated to mislead the jury." Whether such a result would likely follow such failure of the court, so that such non-action would be reversible error, will, of course, depend in each case upon the character of the point involved and the evidence or lack of evidence bearing upon it. In the instant case that holding is certainly applicable and the error in this particular was reversible error.

For the reasons above stated in connection with the three questions first above disposed of, the verdict and judgment under review will be set aside and annulled as to all of the defendants and a new trial will be granted them upon all of the issues in the case.

*Reversed and new trial granted.*