16212

SCOTT v. WELLS *ET AL.*
(53 S. E. (2d) 400)

*Messrs. Hood & Hood, Francis R. Fant and O. H. Doyle,* all of Anderson, *for Appellants,* cite:

*Messrs. Léon W. Harris and John C. Watkins,* of Anderson, *for Respondent,* cite:

May 4, 1949.

STUKES, Justice.

■ Respondent was seriously injured in an automobile accident at a street intersection in the City of Anderson. She sued the owner of the colliding taxicab and his liability insurance carrier. The insurance was required by city ordinance and the joinder was proper under Section 487 of the Code of 1942 and our former decisions so far as liability for negligence was concerned. See the cases collected in 2 S. E. Dig. and Pocket Part, Action, Par. 50(4). Damages were sought in the amount of $35,000.00 whereas the policy limit of liability was $5,000.00, which was alleged in the answer and shown by provision of the policy in evidence. The jury returned a verdict against both defendants in the amount of $16,500.00 actual damages.

The Court was requested by the insurer to instruct the jury that its liability was limited by the insurance contract to the sum of $5,000.00 and verdict against it should be so restricted. This was refused and instead, in his general charge, the trial judge instructed the jury as follows: "I charge you further, gentlemen, that in regard to the liability of the insurance company, that you are not concerned with the relative liability or the extent of the liability of the defendant insurance company. That is a matter that is determined by the policy of insurance or the contract of insurance, and if a verdict be rendered for the plaintiff, can be determined later. I have not seen the policy. I haven't read it. You gentlemen can take it with you to your jury room if you like, but I repeat that you gentlemen are not concerned with the extent of liability of the defendant insurance company."

After motion for new trial but before argument and order thereupon the following order was granted upon application of respondent and without notice to defendants: "A verdict of the jury having been returned against defendants in the amount of sixteen thousand five hundred ($16,500.00) dollars, said verdict being dated October 11, 1948, and the liability of the defendant Pennsylvania Thrashermen and

Farmers Mutual Casualty Insurance Company being limited to five thousand ($5,000.00) dollars. It is therefore: Ordered that upon payment of the sum of five thousand ($5,000.00) dollars together with legal interest on said sum of five thousand ($5,000.00) dollars from the time interest would become due thereon by the defendant Pennsylvania Thrashermen and Farmers Mutual Casualty Insurance Company, said defendant Pennsylvania Thrashermen and Farmers Mutual Casualty Insurance Company shall be forever discharged from any and all liability towards the plaintiff and its liability to her shall be finally determined and ended. Order on motion for a new trial to be filed within the next few days."

There was subsequently rendered an order refusing the motion for new trial in which the previous order, just quoted, was confirmed.

Both defendants appeal upon the contention that the Court erred in refusing to construe the policy of insurance and to instruct the jury as to its limit of liability and the jury may have been misled to understand that the liabilities of the principal and the insurer were co-extensive, whereby the principal was prejudiced. The exceptions thereabout will have to be sustained. The further attack upon the propriety of the *ex parte* order which has been quoted need not be considered.

It has long been established that notice to the jury of insurance against liability is prejudicial to a defendant and should ordinarily be carefully avoided. *Horsford v. Carolina Glass Co.*, 92 S. C. 236, 75 S. E. 533; *Cox v. Employers' Liability Assur. Corp.*, 191 S. C. 233, 196 S. E. 549; *Haynes v. Graham*, 192 S. C. 382, 6 S. E. (2d) 903. *Cf Entzminger v. Seigler*, 186 S. C. 194, 195 S. E. 244. In none of these authorities is the principle made dependent upon a showing by appellant that an excessive verdict has resulted, a position which respondent has mistakenly urged in this case. However, the rule is inapplicable because impracticable where the insurance or indemnity is

required by statute or ordinance and the insurer may be joined as a defendant pursuant to the code section and decisions to which reference has been made. *Benn v. Camel City Coach Co.,* 162 S. C. 44, 160 S. E. 135; *Bryant v. Blue Bird Cab Co.,* 202 S. C. 456, 25 S. E. (2d) 489.

The proper trial procedure when damages are demanded in excess of the limit of the liability of the insurer in cases where it is joined as a defendant was plainly laid down in *Daniel v. Tower Trucking Company,* 203 S. C. 119, 26 S. E. (2d) 406, of which there is approving citation in *Kelly v. Driggers,* 214 S. C. 237, 51 S. E. (2d) 764. There was patent violation in the trial of this case. The jury should have been instructed that the verdict, if any, against the insurer could not exceed $5,000.00. The situation is thus complicated by the joinder of the insurer as a defendant and that course was chosen by respondent.

It is no answer to the contention of error to say that the jury were given the policy of insurance in their deliberations. In the first place, it was the duty of the Court to construe it and this he pointedly refused to do upon request. It is elementary that certainly an unambiguous written instrument is for construction by the Court. S. C. cases in 32 S. E. Dig., Trial, Par. 136 (3). Secondly, the jury were told in effect to disregard the policy when they were instructed as follows: "You can take it * * * if you like, but I repeat that you are not concerned with the extent of liability of the defendant insurance company."

It is as surely prejudicial to a defendant to introduce into the trial the element of insurance, where permissible as here, and withhold from the jury knowledge of the limit of such insurance as it is to introduce it at all where it is not permissible. It may be said with logic that the prejudice begins in the latter case at zero and in the former, using the figure applicable to the case in hand, it begins at $5,000.00. Rarely can the applicability of judicial reasoning be defined with such mathematical precision.

It is argued that the insured did not request that the jury be instructed upon the policy liability limit and therefore cannot take advantage of the error on appeal. But it is patent that it would be unreasonable to hold that he should have asked the Court to instruct as was refused upon specific request by the insurer. In view of the record it is safe to say that such repetition of the request would have been an idle gesture and its omission under the circumstances cannot fairly be held to be fatal to the right of the insured upon appeal.

Reversal of the judgment as against the appellant taxicab operator carries with it of necessity reversal of the judgment as against the insurer. Liability of the latter in this action against both is dependent upon liability of its insured which is now not established. Under many authorities this would be true even had the insurer not appealed. "The reversal of a judgment against a principal and surety, on the appeal of the principal, inures to the benefit of the surety. *Brashear v. Carlin*, 19 La. 395." Annotation, 10 Ann. Cas. 81. See also, *Broudy v. Levin*, 135 Va. 283, 116 S. E. 677, 32 A. L. R. 255 and 143 A. L. R. 50.

The conclusion which has been reached in nowise conflicts with the recent decision of *McCrae v. McCoy*, S. C., 52 S. E. (2d) 403, in which case there was in effect no insurance. This observation is made in view of respondent's argument to the contrary.

Reversed and remanded for new trial.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.