## HORRES v. THE BERKELEY CHEMICAL CO.

1. DAMAGES—GROWING CROPS—EVIDENCE.—In case of destruction of growing crops, the elements of damages are rental value of land, costs of seeds, labor, and fertilizers, and interest on these. *Livingston* v. *Exum,* 19 S. C., 223, *distinguished from this.*

2. EVIDENCE—APPEAL,—WAIVER.—Appellant does not waive his right to except on appeal to testimony admitted over his objection by cross-examining witness on same point, or by offering testimony in his own behalf in reply on same line. *Mathis* v. *Railway,* 53 S. C., 246, and *The South Carolina Terminal Co.* v. *South Carolina and Georgia R. R. Co.,* 52 S. C., 1, *criticised.*

3. *This case distinguished by Reporter from Sparkman* v. *Supreme Council &c., ante,* p. 16.

Before KLUGH, J., Charleston, March Term, 1899.    Reversed.

Action by Fritz Horres, sr., against The Berkeley Chemical Company.    The defendant appeals.

*Messrs. Mitchell & Smith,* for appellant, cite: *Measure of damages to growing crops:* 3 Tex. App., 461; 82 N. C., 292; 10 S. W. R., 575; 11 Ib., 123.    *Speculative damages are not recoverable:* 1 McC., 584; 2 Speer, 550; Dud., 185; 10 Rich. Eq., 232; 25 S. C., 68; 38 S. C., 284; 51 S. C., 480.

*Messrs. Legare & Holman,* contra, cite: *Rule of evidence in actions in tort:* 38 S. C., 288; 25 S. C., 70; 54 S. C., 503; 19 S. C., 70; 17 S. C., 73; 15 S. C., 31; 2 McC., 277; 53 S. C., 410.    *As to waiver of objections to testimony by introducing testimony of the same kind:* 51 S. C., 229; 52 S. C., 1.    *As to the measure of damages to growing crops:* 13 Am. R., 438; 34 N. Y., 634; 25 Am. R., 140; 27 Am. R., 19; 61 Am. Dec., 758.

April 4, 1900.    The opinion of the Court was delivered by

MR. JUSTICE POPE.    The plaintiff by this action sought

to recover $8,000 damages for the alleged destruction by the defendant, by means of sulphuric acid gas escapting from its manufactory, on the 21st day of March, 1898, of all the cucumber plants, about five inches high, on about seven acres of land lying southwest, 250 yards from defendant's factory, and also six acres of strawberries growing 250 yards from said factory. The cause came on for trial before Judge Klugh and a jury, and eventuated in a judgment for $4,600 against defendant. Whereupon the defendant appealed. While it exhibited a goodly number of exceptions, we will only dispose of two, lest our conclusions upon all other exceptions may interfere with the new trial which we feel bound to order. When plaintiff came to establish by his testimony what should enter into the consideration of the jury in arriving at the damages wrought to the plaintiff's crop of cucumbers, and also his crop of strawberries, he not only introduced testimony tending to show the rental value of the lands upon which the two crops were grown, the cost of manure applied to each acre of land, and the cost of labor, but also the net results in the sale and yield of cucumbers and strawberries, respectfully, after they had matured, being the crop of persons other than the plaintiff, during the season of the year 1898, and also the sale and yield of said crops during previous years, including those of plaintiff. When he offered his testimony of the net value and yield of cucumbers and strawberries, respectively, during the season of 1898, and also of other years, together with an estimate of witnesses as to the probable yield during the year 1898 of cucumbers and strawberries, respectively, per acre, the appellants objected upon the ground that such testimony was irrelevant and incompetent, because plaintiff's crop of cucumbers and strawberries were immature, growing crops, in which cases the method of ascertaining damages to the same was the rental value of the lands so employed, the cost of all manures expended on said lands, the cost of all seeds used in said lands, the cost of all labor employed from first to last on said crops, with interest at seven per cent. on the

aggregate of such expenses.   The Circuit Judge allowed the testimony offered by plaintiff.    It must always be borne in mind that these crops of the plaintiff, injured or destroyed by the noxious gases escaping from defendant's factory, *were immature, or growing crops;* the cucumber plants were only five or six inches high, with no runners and no blooms or fruit, and the strawberries were white with blooms, accompanied by an occasional berry—thus falling under the class of cases where the description of damages appears in the case of *Fuller* v. *Edings,* 11 Rich., 251, about which the Court said: "Speculative opinions of perspective injuries furnish very unreliable evidence on which to base an estimate, and that must be a strong necessity which drives to the adoption of such expedients."   It seems to us that to allow the plaintiff to offer the testimony sought to be introduced by which the jury might assess the damages done to his property by the defendant, would be very dangerous.   If the crops were matured, ready for the market, the line of testimony offered by the plaintiff to ascertain what one who destroyed such matured crops should pay as damages for such destruction would be entirely competent.   The case referred to by the Circuit Judge as furnishing a basis for his ruling—*Livingston* v. *Exume,* 19 S. C., 223—we do not think can be cited to maintain his ruling as to the method for ascertaining damages for the destruction of immature crops, or growing crops; for Phillips was engaged in getting crude turpentine from certain lands in Orangeburg, which crude turpentine he had contracted to deliver to Exume; Livingston claiming to own the land from which Phillips was taking the crude turpentine, sought an injunction to stay the same, in an action to which he made both Phillips and Exume parties defendant.   In order to obtain such temporary injunction, he gave the usual bond to secure Phillips and Exume from any damages therefrom.   On trial, the plaintiff lost his suit.   Whereupon Phillips and Exume, under plaintiff's bond to them, sought to recover their damages.   It was in

proof that Livingston had taken and appropriated to his own use over $700 worth of crude turpentine, which Phillips had prepared on the lands when the injunction was issued against him. Of course, he, Phillips, recovered this sum from Livingston, but when Exume tried to recover damages resulting to him from the failure of Phillips to deliver to him his crude turpentine, and such other crude turpentine as he might have collected during the pendency of the injunction, the Court held that his damages were not the natural and proximate effect of the injunction. His counsel fees only were allowed. Thus it is manifest that the only damages allowed were for injuries which the testimony could make definite and matured; nothing was allowed for injuries by speculative testimony.

But the respondent contends that inasmuch as the defendant, after the ruling of the Circuit Judge by which the testimony of plaintiff was allowed as competent, offered similar testimony, therefore, defendant has waived his objection to such testimony, and respondent refers to *Mathis* v. *So. Railway Co.,* 53 S. C., 246, as authority. But a reference to that part of the case cited as authority will show that such remark was a pure *dictum,* and also that the case, *The South Carolina Terminal Co.* v. *South Carolina and Georgia Railroad Co.,* 52 S. C., 1, does not sustain such contention of plaintiff. If the two cases cited by respondent as authority for the position of respondent, which we are now considering, contained any such holding, we would unhesitatingly condemn any such utterance. It cannot be good law, that after a party has excepted to the ruling of the presiding Judge, admitting incompetent testimony (which ruling is the law of the case on that trial in the Circuit Court), that the exceptor is prevented from cross-examining plaintiff's witness on the matter excepted to, or in offering testimony in his own interest on the same line.

The Circuit Judge not only admitted the testimony excepted to by the defendant in his charge to the jury, but he sustained the competency of such testimony as fixing the

true mode by which damages for injuries to *immuture or growing crops* should be ascertained, and refused to charge the jury that the mode by which damages for injury to immature or growing crops should be ascertained by a jury, was by testimony showing what was the rental value of the lands planted in the crops alleged to have been injured by the defendant, also what was the cost of the seeds planted in such land, also what was the cost of the manure and fertilizers employed to enrich such land, and also the cost of the labor employed in the cultivation of such crops. We have already found this to be error in the Circuit Judge.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the action be remanded to the Circuit for a new trial.

NOTE BY REPORTER.—The distinction between the case of *Sparkman* v. *Supreme Council, ante,* p. 16, and this case is that a party by introducing immaterial or irrelevant testimony waives the right to except on appeal to cross-examination in reference thereto; but where testimony by the other side is admitted over appellant's objection, he may cross-examine the witness in reference thereto, or offer testimony in reply, without waiving his right to appeal from such ruling.