BURGESS v. GERMANY-ROY-BROWN CO.

(113 S. E. 118)

1. APPEAL AND ERROR—EVIDENCE THAT DEFENDANT DIRECTED HOSPITAL ATTENDANCE FOR INJURED PERSON HELD NOT PREJUDICIAL.—

Where plaintiff in an action for damage due to personal injuries, showed that the manager of defendant corporation told hospital authorities to employ a physician for plaintiff, this was not prejudicial as affording an inference of defendant's admission of liability.

2. TRIAL—PLAINTIFF'S REFERENCE TO DEFENDANT'S INDEMNITY COMPANY IN PERSONAL INJURY ACTION HELD PREJUDICIAL ERROR.— There was prejudicial error where the manager of defendant corporation, whose automobile had injured plaintiff, was asked in the jury's presence whether his company would have settled with plaintiff if its indemnity company had not refused to settle, and where in the argument plaintiff's attorney stated he wanted defendant's attorney to say whether he represented a certain indemnity company; the efficient bearing of indemnity being manifest, although having no legal bearing upon the case.

Before WILSON, J., Spartanburg. October, 1921. Reversed.

Action by Wilbur Burgess by Guardian ad litem against Germany-Roy-Brown Co. From judgment for plaintiff, defendant appeals.

*Messrs. Bomar, Osborne & Brown,* for appellant, cite: *Admission by agent long after the accident is inadmissible:* 117 S. C. 44; 17 S. C. 520; 19 S. C. 373. *Reference to indemnity insurance improper, and not properly eliminated from the jury's attention:* 92 S. C. 258; 117 S. C. 44. *Driver of car was using it on private business and employer not liable:* 108 S. C., 179; 10 L. R. A. (N. S.) 202; 5 L. R. A. (N. S.) 98; 39 L. R. A. (N. S.) 933; L. R. A. 1916a, 954; 33 L. R. A. (N. S.) 79; 33 L. R. A. (N. S.) 81; 46 L. R. A. 1091; 47 L. R. A. 662; 37 S. C. 199.

*Messrs. Evans & Galbraith* and *Nicholls & Wyche,* for respondent, cite: *Proof of ownership of offending automobile establishes prima facie case of liability:* 220 N. Y. 431; 214 N. Y. 249; 213 Fed. 763; 60 Cal. 47; 16 App. 600; 182 Mo. App. 304; 165 N. Y. Supp. 1034; 78 Or. 308; 198 S. W. 732; 262 Fed. 232; 67 S. C. 398; 3 S. C. 9. *Agent was acting within scope of his apparent authority and principal is liable:* 76 S. C., 217; 37 S. C., 377; 13

S. C. 5; 65 S. C. 75; 69 S. C. 413; 82 S. C. 546; 3 S. C. 1.
*Question of scope is for jury*: 18 R. C. L. 796, Sec. 254;
184 N. Y. S. 580; 194 Pac. 518; 180 N. W. 282; 129
N. E. 378; 179 Pac. 272; 182 Pac. 73; 105 S. C. 487; 82
S. C. 467.   *Testimony as to payment of medicine bills com-
petent*: 56 S. C. 108.

July 25, 1922.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

The plaintiff, Wilbur Burgess, a boy under seven years
of age, was struck by a motor truck owned by the defend-
ant, and seriously injured.   For his injuries this action is
brought, for both actual and punitive damages.   The jury
found for the plaintiff, and the defendant appeals.

I. The plaintiff introduced in evidence a statement
made by one C. A. Morgan, in which he told the
hospital authorities to employ a nurse and physi-
cian for the plaintiff, and that the defendant would pay the
bill.   The appellant claims that the evidence was both in-
competent and prejudicial.   Testimony was offered later to
show that Morgan was the general manager of the defend-
ant company, and it was for the jury to say whether he
was acting within the scope of his authority.

It was not prejudicial.   The defendant claims that it was
prejudicial in that it might be deemed as an admission of
liability.   No such inference can be drawn from the offer
of assistance.   It was the proper thing to do.   Any right
thinking man will render all assistance in his power to any
one who has been injured by his property, without regard
to his liability.   Not to do so is inhuman.   Indeed, it is made
a misdemeanor not to stop and offer assistance in case of
a collision.   The statute does not require the offer of
assistance the next day, but no man can be prejudiced by
acting in accordance with the spirit of the law and the
dictates of humanity.

II. The next assignments of error are set forth in exceptions 4 and 9:

"Fourth. It was error to permit counsel for plaintiff to examine the witness Morgan, in the presence of the jury, and to decline defendant's attorneys' request that said jury be withdrawn while said examination was proceeding, as follows:

" 'Q. I will ask you as a matter of fact, Mr. Morgan, if your company weren't willing to settle that bill, but if the insurance company that was behind the automobile didn't tell you not to settle it?

" 'Mr. Osborne: I object to any question of that sort. The Supreme Court has held that it is improper.

" 'Mr. Nicholls: All right, I will ask this question—

" 'Mr. Osborne: I ask your Honor to have the jury withdrawn if he is going into matters beyond the pale.

" 'Mr. Nicholls: Did your company, after the bill was sent in, leaving out the insurance proposition, weren't they willing to settle?

" 'Mr. Osborne: I object to that.

" 'The witness: No, sir.

" 'Mr. Nicholls: The question is—don't answer it now until his Honor rules—didn't your company, after you had agreed to pay this bill, agree to settle the whole matter, and didn't the insurance company that had insured the automobile—don't answer it now—didn't they refuse to settle, and isn't that the reason it isn't settled?

" 'Mr. Osborne: I object to it on the ground that it is incompetent.

" 'The Court: No; I don't think it is competent.' "

"Ninth. Error in declining to withdraw the cause from the jury in view of the argument of Mr. Nicholls, attorney for the plaintiff, which he made to the jury in connection with which the following took place:

" 'Mr. Nicholls: I said, Mr. Foreman and gentlemen, that I wouldn't tell who Mr. Osborne represented in this

matter because I didn't know, but I would like for him to tell whether he represented the Germany-Roy-Brown Company or the insurance company behind them.

" 'Mr. Osborne: I want to object to that as being highly improper in the argument of counsel, and I want your Honor to instruct that jury that they are to utterly disregard what my friend has suggested or any reference to whom I represent. I want to state to my friend that I represent the person for whom I have put in an answer in this case.

" 'Mr. Nicholls: Will you go further and state who employed you in this matter? Through who you were employed?

"Mr. Osborne: I want your Honor to instruct the jury that that is improper.

" 'The Court: Gentlemen of the jury, dismiss that.

" 'Mr. Osborne: I ask your Honor to withdraw the case from the jury on account of the highly improper matter my friend has brought out before the jury.

" 'The Court: Gentlemen of the jury, don't let that influence you one way or the other.

" 'Mr. Osborne: I want the jury to understand and see what arguments my friends have to resort to in order to make out a case.' "

Indemnity insurance had no legal bearing in this case. Its actual and efficient bearing is manifest. It was repeated time and again. It was prejudicial error, and these exceptions are sustained. See *Horsford v. Glass Co.,* 92 S. C., 258; 75 S. E., 533.

III. The next assignment of error is that his Honor refused to direct a verdict for the defendant. There was evidence enough to carry the case to the jury.

The judgment is reversed, and a new trial ordered.