## 11292

### DUKE v. PARKER

#### (118 S. E., 802)

1. APPEAL AND ERROR—TRIAL—ADMISSION OF TESTIMONY ESTABLISHING THAT DEFENDANT CARRIED INDEMNITY INSURANCE HELD ERROR AND PREJUDICIAL, AND THE ERROR WAS NOT WAIVED BY PERMITTING DEFENDANT TO SHOW INSURANCE OF PLAINTIFF.—In an action for damages from an automobile collision, permitting cross-examination of defendant to show that he carried indemnity insurance, and that he stated that "there would be no hard feelings, to bring the suit, as it was up to" his insurance company, *held* prejudicial error, nor was such testimony admissible on the issue of punitive damages, nor was the error of its admission cured or waived by permitting defendant to elicit similar testimony as to insurance carried by plaintiff.

2. DAMAGES—NEITHER ACTUAL NOR PUNITIVE DAMAGES MAY BE RECOVERED EXCEPT ON FACTUAL BASIS OF LEGAL LIABILITY.—Neither actual nor punitive damages may be recovered except on factual basis of legal liability.

Before ANSEL J., County Court, Greenville, July 1922. Reversed and remanded.

Action by H. C. Duke against J. W. Parker. Judgment for plaintiff and defendant appeals.

*Messrs. Haynsworth & Haynsworth,* for appellant, cite: *Admission of testimony as to indemnity insurance is reversible error:* 120 S. C., 285; 92 S. C., 236.

*Messrs. Bonham, Price & Poag,* for respondent, cite: *Great latitude allowed on cross-examination:* 2 Bail., 466;

179 N. W., 729; 223 S. W., 911; 94 Atl., 573; 56 S. C., 533. *Evidence proper to show defendant was not real party in interest:* 48 S. C., 588. *And proper where there is evidence of wilfulness:* 92 S. C., 262; 79 S. C., 511; 89 S. C., 302. *Error cured by defense introducing similar testimony:* 51 S. C., 222; 110 S. W., 522; 103 N. W., 1016. *Defendant should have moved for a mistrial:* 83 S. C., 87.

September 4, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

There was a collision between plaintiff's and defendant's automobiles on a street in the City of Greenville. The plaintiff brought action in the County Court for damages, in the sum of $1,000, alleged to have been negligently and recklessly inflicted by defendant. The defendant answered denying liability and setting up a counterclaim for damages, in the sum of $500, alleged to have been negligently and recklessly caused by plaintiff. The plaintiff recovered judgment for $800.

The defendant's appeal raises, substantially, the one question of whether the tiral Judge committed prejudical error of law in permitting plaintiff, over objection, to elict from the defendant on cross-examination the fact that he carried indemnity or casualty insurance.

The testimony adduced, the objections thereto by counsel, and the ruling of the Court are thus set out in the record:

"Q. Your damage is $45 or $50 yet your counterclaim is for $500. You did not attempt to bring damages? Did you not tell her to go ahead and have the car fixed and your insurance company would pay for it? A. No; I told her I would not have any hard feelings if she brought suit.

"Mr. Haynsworth objects to all this on the ground that it is an effort to bring the insurance company into it.

"Mr. Price: The liability is up to the insurance company to pay.

"Court: · Admit the question subject to objection, but in asking the question you make him your witness.

"Q. You told her there would be no hard feelings; to bring the suit; that it was up to your insurance company? A. Yes.

"Redirect by Mr. Haynsworth, subject to his objection:

"Q. Did she not state she had insurance? A. Yes; I was taking dinner at Duke's Tea Room, and as I was leaving she called me back and said, suppose I admit my liability, and she would pay me the $50.00 repairs, and she would make the insurance company pay.

"Mr. Price: I object to the statement.

"Mr. Price asks: Is insurance causing a racket between neighbors? A. I did not know anything about a racket.

"Mr. Haynsworth continues:

"Q. When she asked you to go into this arrangement so she could go into suit, what did you tell her with reference to liability? A. I did not do it. Q. Are you willing to admit liability on your part? A. No. Q. Have you been able to see fault on your part? A. No."

In the case of *Horsford v. Glass Co.,* 92 S. C., 236, 258; 75 S. E., 533, 541, this Court adopted and squarely applied the general rule that, in an action sounding in damages, the fact that the defendant is protected by indemnity insurance may not be introduced in evidence or referred to in argument of counsel. The rationale of the rule is there stated as follows:

"Such evidence or argument has a manifest and strong tendency to carry the jury away from the real issue and to lead them to regard carelessly the legal rights of the defendant on the ground that some one else will have to pay the verdict."

In *Burgess v. Germany-Roy-Brown Co.,* 120 S. C., 285; 113 S. E., 118, in action for both actual and punitive damages arising out of a motor truck collision, the rule announced in *Horsford v. Glass Co.* was approved and applied.

We are of the opinion that the case at bar is clearly ruled by those cases.

Respondent's contention that this evidence was admissible on cross-examination as tending to establish an admission of liability, or to impeach defendant's good faith in contesting liability and in setting up a counterclaim, has been given careful consideration. Even if available for such purpose, no attempt appears to have been made to use the evidence for the purpose of contradiction. The evidence adduced under objection is defendant's clear-cut statement that he had told the plaintiff that "there would be no hard feeling; to bring the suit; that it was up to" his insurance company. If defendant's attitude was as stated we are unable to preceive how the further fact that he advised the plaintiff of that attitude may legitimately support an inference that his denial of legal liability in the action brought was pretensive. Rather it would seem more clearly to emphasize the prejudicial inference the rule was intended to exclude—that because of his insurance he himself was careless of his legal rights and had no objection to plaintiff's getting what she could by suit regardless of his legal liability.

The argument that the evidence was on principle admissible upon the issue of punitive damages we regard as concluded against respondent's contention by the decision in *Burgess v. Germany-Roy-Brown Co., supra.* Neither actual or punitive damages may be recovered except upon a factual basis of legal liability. If this class of evidence is incompetent because of its tendency to obscure the real issue and to lead the triers of fact "to regard carelessly the legal rights of the defendant on the ground that some one else will have to pay the verdict," it would seem clear that the rationale of the rule is as applicable to a cause of action for punitive damages as to one for merely actual damages. If the jury may be by such evidence misled into failing to give due attention to defendant's legal rights in determining whether a proper foundation of fact has been

laid for liability at all, the reason for the rule arises, and the rule itself must be applied, if applied at all, before the issue as to the character of damages assessable is reached in the inquiry.

The further contention that any error in the admission of the evidence was waived or cured by permitting defendant to elicit similar testimony as to insurance carried by plaintiff is likewise untenable. The testimony was elicited by the defendant subject, expressly, to his objection already interposed to this class of evidence. See *Horres v. Chemical Co.*, 57 S. C., 189; 35 S. E., 500; 52 L. R. A., 36. Aside from that consideration the curative force and effect of the irrelevant fact that plaintiff also had insurance is not apparent.

For the reasons indicated, the judgment of the County Court is reversed and a new trial ordered.

Reversed.