13579

BROWN v. S. H. KRESS & CO. *ET AL.*

(167 S. E., 686)

*Mr. Raymon Schwartz,* for appellants,

*Mr. L. D. Jennings,* for respondent,

February 13, 1933.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The respondent sued the appellants, Kress & Co., a corporation, and Doyle and Holton, manager and assistant manager, respectively, of the corporation, for injuries alleged to have been received by her from a fall occasioned by the negligence of the appellants in not properly maintaining the floor of a store-room. From the verdict and judgment thereon, adverse to the appellants, they have brought the case to this Court.

There are twenty-one exceptions, at least twice too many. One of these has eighteen subdivisions. Most of them are entirely too general. Several present practically the same question. Nearly all of them are violative of the rules of this Court.

Luckily, however, for the appellants, one important exception sufficiently complies with our rules to be considered. That relates to the conduct of counsel for respondent in making his argument to the jury.

The facts, on which this exception is based, are these: Doyle, one of the defendants, while a witness, was asked by respondent's counsel as to a written report made of the accident, which contained a statement thereof signed by the respondent. Respondent's counsel stated he would like to see that report. The witness replied that his attorney, Mr. Schwartz, had the paper. Respondent's counsel announced again he would like to see the paper. Counsel for the appellant said the paper was a record of the company, and would be produced at the proper time "if we see fit." The presiding Judge ruled that if the paper was in the Court, Mr. Schwartz would have to produce it. Counsel for the respondent asked Mr. Schwartz, "Do you mind reading that report she signed?" The Judge said the paper could not be read to the jury, unless it was introduced in evidence. Counsel for appellants stated, because of "the legal aspects of the case," he would like for the jury to retire. Counsel for respondent announced he offered in evidence the carbon copy of the report the respondent signed to the Kress & Co. the day she

was hurt. The presiding Judge ruled that the paper could not be introduced, as it was a "self-serving declaration." The two attorneys, Messrs. Schwartz and Jennings, went to the desk of the trial Judge for a whispered conversation about the paper, which the Court stenographer said he was unable to hear, and, therefore, could not report. Counsel for respondent announced that he was entitled to hear in open Court what the objection to the paper was. Mr. Schwartz stated that if the jury would retire, he would like to put his objection to the introduction of the paper in the record. Thereupon the jury were sent out. As Mr. Schwartz was offering to interpose the grounds of his objection, the Court ruled the paper inadmissible. After the Court's ruling, counsel for the respondent continued to argue that the paper was admissible. Again the trial Judge ruled that it would be improper to admit the paper. Counsel for the respondent continued to argue persistently that the paper should be allowed in evidence. Again the Court ruled against him. At that stage the jury were brought back into the courtroom. Once, in the presence of the jury, the Court held the paper to be inadmissible. Three times, with the jury not present, the Court ruled likewise. The paper was never admitted in evidence. It was a carbon copy of the report as to the accident to the insurance company of the corporation defendant, and it contained a statement purporting to have been signed by the respondent.

In his argument to the jury, counsel for the respondent made some reference to the paper which he had sought to have introduced, ruled inadmissible by the Court. Counsel for the appellants immediately objected to that line of argument. Counsel for respondent said: "Your Honor said, 'You can't put it in but they can.' I am arguing about that statement." The trial Judge said in reply: "All right, go ahead."

In settling the case for appeal, the trial Judge, with reference to the incidents related, stated that it was his recollection that counsel for the respondent "did not try to argue"

as to the "contents" of the paper, and for that reason he allowed the argument to continue. The presiding Judge has said in his report, however, very positively, that, in the absence of the jury, he "emphatically" warned counsel for the respondent not to make any reference to the jury of the fact that the defendant corporation carried insurance.

We think there was reversible error on the part of the trial Judge in not promptly sustaining the objection of the appellants' counsel to the argument of counsel for the respondent as to the paper, which the Court had ruled inadmissible, and his failure to reprimand counsel for the respondent for making the argument and not instructing the jury to disregard that argument and statements of counsel as to the paper. The ruling of the Court that the appellants might introduce the paper in evidence, although the respondent could not do so, was made when the jury were not present. The jury had not heard all that happened when the respondent's counsel was seeking so persistently to have the paper introduced. They were not acquainted with the ruling of the Judge, and his grounds therefor. The argument of respondent's counsel may have tended to produce upon the minds of the jurors the feeling that the appellants' counsel was concealing some matter especially hurtful to the appellants. We are convinced, after a careful examination of the paper as reproduced in the record, that the appellants' attorney was doing nothing, except to keep out of the trial of the case the fact that the appellant corporation carried certain liability insurance, and the appellants had the right to prevent that information from going to the jury.

This Court has repeatedly announced that counsel must make arguments which are fair and justified by the facts as adduced in the trial, and we have especially condemned efforts to get before the jury papers which have been ruled inadmissible by the trial Judge. See *State v. Kennedy,* 143 S. C., 318, 141 S. E., 559; *State v. King,* 158 S. C., 285, 155 S. E., 409; and *Edwards v. Union Buffalo Mills Co.,* 162 S. C., 17, 159 S. E., 818.

We have considered the exceptions of the appellants as to the refusal of the trial Judge to grant a nonsuit or a directed verdict, on the ground that there was no proof of actionable negligence. All of these are overruled, for the testimony adduced in the trial was sufficient to take the case to the jury. Since the case is to go back for a new trial, we deem it best not to enter upon a discussion of the facts.

We have not thought it necessary to consider any of the exceptions, except those to which we have especially referred.

The judgment of this Court is that the judgment of the lower Court be reversed, and the case be remanded to the Court of Common Pleas for Sumter County for a new trial.

MESSRS. JUSTICES CARTER and BONHAM and MESSRS. CIRCUIT JUDGES M. M. MANN and G. DEWEY OXNER, ACTING ASSOCIATE JUSTICES, concur.