See also, D.C., 145 F.Supp. 882.

Lillie Mae Adams BALLARD, as Administratrix of the Estate of Henry G. Ballard, Deceased, Plaintiff,

v.

The SOUTHERN COTTON OIL COMPANY, Defendant.

Lillie Mae Adams BALLARD, as Administratrix of the Estate of Henry G. Ballard, Deceased, Plaintiff,

v.

The SOUTHERN COTTON OIL COMPANY, Defendant.

Civ. A. Nos. 5198, 5199.

United States District Court
E. D. South Carolina,
Columbia Division.

May 24, 1956.

Edens & Woodward, Columbia, S. C., for plaintiff.

Whaley & McCutchen, Columbia, S. C., for defendant.

TIMMERMAN, Chief Judge.

In each of the above cases the defendant "moves for leave to make E. B. Goodale a party to this action and that there be served upon him summons and third party complaint as set forth in Exhibit A hereto attached".

Both cases are predicated upon allegations of negligence. In one case the plaintiff seeks to recover for conscious pain suffered by the intestate and in the other for his death. The plaintiff alleges that the intestate's conscious pain and

his death were respectively caused by the negligent, faulty and unsafe construction and maintenance of a scaffold on defendant's premises by defendant's plant superintendent and other of its employees, and out of materials provided by defendant. It is not claimed that Goodale in any way contributed to the fatal injuries of plaintiff's intestate. The defendant rests its claim against the proposed third party defendant solely upon an alleged insurance contract. In it Goodale undertook to indemnify the defendant for any loss which it might sustain on account of "any claim for damage or injury to any person * * * arising from * * * work" to be done on defendant's premises by said Goodale. The plaintiff's intestate was not a party to that contract and the plaintiff has no interest whatsoever in establishing it or in enforcing it.

It has been determined that the two cases brought by the plaintiff should be tried together since the parties in each of the cases are the same and the alleged grounds of recovery are the same. In each case the right to recover is based upon the same alleged negligent conduct on the part of defendant and its servants and agents acting in the scope of their employment. Under the claimed insurance contract no liability could or would arise thereunder until the defendant sustains a loss within its coverage, and even then the amount of the claim could not be known until the defendant's liability to another has been established.

Without construing the insurance contract, or expressing any opinion concerning its validity or the extent of its coverage if valid, but assuming, solely for the purpose of defendant's motion, that there is a contract of indemnity insurance subsisting between Goodale as insurer and the defendant as insured, the motion cannot be granted. To do so would not promote the ends of justice and conceivably it would work to plaintiff's prejudice.

As stated above, the issue between plaintiff and defendant is based on negligence; and the issue posed by the third-party complaint is based solely on an alleged contract. The only interest that plaintiff could have in the third-party complaint would be to object to its being used to delay the trial of the cases brought by plaintiff or to create trial confusion.

It has been repeatedly held to be reversible error, in personal injury cases, to mention insurance in evidence, in questions asked or in offers of proof, or to in any way indicate or intimate that there is insurance coverage. See Horsford v. Carolina Glass Co., 92 S.C. 236, 75 S.E. 533; Burgess v. Germany-Roy-Brown Co., 120 S.C. 285, 113 S.E. 118; Duke v. Parker, 125 S.C. 442, 444, 118 S.E. 802; Aldridge v. Watts Mill, 131 S.C. 222, 127 S.E. 213; Hill v. Southern Ry. Co., 131 S.C. 159, 126 S.E. 642; Vollington v. Southern Paving Const. Co., 166 S.C. 448, 165 S.E. 184; Young v. Smith, 168 S.C. 362, 363, 167 S.E. 669; Brown v. S. H. Kress & Co., 168 S.C. 431, 167 S.E. 686; Scott v. Wells, 214 S.C. 511, 53 S.E. 2d 400; and Dobson v. American Ind. Co., 227 S.C. 307, 87 S.E.2d 869.

The defendant's motion should be denied. It is so

Ordered.