CaRuthbRS, J.,
delivered tbe opinion of tbe Court.
(loodall was tbe sheriff of Jackson county, and Q-al-breath bis deputy. McClelland placed sundry claims in tbe hands of tbe latter for collection, and among which was one for thirty-two dollars against Benj. Fox, to which case alone, this controversy is confined. G-al-breath obtained a judgment against Fox and receipted him for the amount, but failed to pay over the money; and this suit was brought upon the official bond of Goodall, after his death, against his administrator and the sureties in his bond. A verdict was had for $24, and judgment rendered against all the defendants, and an appeal in error, by all, to this Court.
Some technical objections are taken to the bond, the formality of its execution, and the record of the County Court, which need not be noticed.
But an objection presents itself in the record of a more formidable character. The claim upon Fox was not collected in money, although he entered his receipt upon the docket in general terms. The fact was, as explained by Fox who was examined as a witness, that he had an account or claim against the officer, Gralbreath, for nearly the same amount, and about the time the stay expired, that was taken in extinguishment of the judgment. If a sheriff or clerk receive anything else but money on a judgment, or otherwise, in their offices, it is not binding upon the parties for whom they are acting; it is no satisfaction of the judgment, and the plaintiff may proceed upon it as before. In such a case the defendant may be made to pay it again. The officers receiving property, or anything but money, or bank notes circu *264 lating as such, in the absence of instructions, are acting out of their line of duty — as individuals, not officers— and their securities are not liable. Lytle v. Etherly, 10 Yer., 389; 5 Hum., 18. There is no principle better settled than this.
The officer, however, would have no right to make this objection in a proceeding against him. His liability would be the same as if he had- received the money; it would not do to allow him to dispute his own act, or defend himself upon the ground that he acted without authority, or in violation of his duty. And we think, upon principle, an officer would be bound to the same extent by the act of a deputy. But the sureties may go behind the act, and test their liability by the truth of the case and the real transaction. Being only bound for the acts of their principal in his office, they may show that the act complained of was outside of his office, and not authorized by it. In this case, then, the sureties of G-oodall are not liable, and the verdict and judgment against them are erroneous. The Court charged the law correctly on this point, but he was not sufficiently explicit. He charged that the sureties would be liable if money was collected; but if the receipt was given without that, but on discharge of an adverse claim against the officer, that is, whether he got the money or not, the principal would be bound; so we hold, but in the last case the sureties are not liable. This he did not say, but it should have been inferred. For this we would not reverse, as the Judge was not asked to give more explicit instructions, and there is no error in what he did say. Yet we must, necessarily, reverse the judgment, because there is no *265 proof making a case that would authorize a verdict against the sureties, but it is all the other way. The verdict is right against the administrator of Groodall, but it is joint, and we know of no law by which we could set it aside as to some of the defendants, and affirm as to others.
So there must be a general reversal, and a new trial.