STREET RAILWAY *v.* GORE.

(*Nashville.* January 15, 1901.)

VERDICT. *Joint, set aside as to part, and sustained as to other defendants.*

A joint verdict for damages against several defendants may be set aside, if found erroneous as to part of them, and sustained and enforced against the others, if found correct as to them.

Cases cited and approved: Bentley *v.* Hurxthal, 3 Head, 377; Smith *v.* Foster, 3 Cold., 147; Webb *v.* State, 4 Cold., 204; Cox *v.* Crumley, 5 Lea, 530.

Cited and overruled: Draper *v.* State, 1 Head, 262.

---

FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County. J. W. BONNER, J.

R. F. JACKSON and J. M. ANDERSON for Street Railway.

WASHINGTON & ALLEN for Gore.

McALISTER, J. Plaintiff, as administrator of M. D. Gore, recovered a verdict for the sum of $2,500 against the Nashville Railway and the Nashville Street Railway, jointly, for the negligent killing of plaintiff's intestate.

A new trial was awarded the Nashville Railway, but the verdict was permitted to stand against the Nashville Street Railway. The latter appealed, and the only error assigned, in this Court, is that the verdict rendered by the jury, being a joint verdict against both defendants, and having been set aside by the Court as to the Nashville Railway, it could not stand as to the Nashville Street Railway; or, in other words, that the verdict of the jury was an entirety, and should have been set aside as a whole.

The evidence on the trial below fully established the special defense of the Nashville Railway, to the effect that at the date of the accident resulting in the death of plaintiff's intestate, that company did not own the road or operate the car inflicting the injury, but that said road was owned and managed by the Nashville Street Railway. Hence, the Circuit Judge set aside the verdict so far as it affected the Nashville Railway, but permitted it to stand against the other defendant.

Counsel cite Black on Judgments, Vol. 1, Sec. 211, in which the author says: "In general the authorities agree that the judgment cannot be affirmed as to one defendant and reversed as to another, but must be reversed as an entirety, and, conversely, if in favor of the defendants, invalidity as to one will invalidate it as to all. A judgment jointly entered in favor of several defend-

ants, whether in an action upon contract or for tort, cannot be affirmed as to one and reversed as to another. Such a judgment is an entirety, and must stand or fall together." It is true this rule was recognized and applied by this Court in the case of *Draper* v. *State,* 1 Head, 262. It was said in that case that a judgment cannot be divided. If it is correct against one party, but erroneous as to others, it cannot be affirmed as to him and set aside as to the others; there must be a general reversal. But the Court refused to follow this rule in the case of *Bentley* v. *Hurxthal,* 3 Head, 377. "The rule," said the Court, "that a judgment is an entire thing, and therefore if void as to one party cannot be allowed to stand as to any of the other parties, is a purely technical one. A judgment may be correct in all respects as to one party and altogether erroneous or void as to another joint party, and in such case there is no sufficient reason why the party rightfully charged should be discharged merely on the ground that another party was wrongfully made liable by the same judgment." The last case was followed in *Smith* v. *Foster,* 3 Cold., 147; *Webb* v. *State,* 4 Cold., 204; *Cox* v. *Crumley,* 5 Lea, 530-535. This is now the well established practice, both in this Court and in the inferior Courts. It was the duty of the Circuit Judge to set aside the verdict as to the Nashville Railway, since there was

no evidence to support it, nor can this action be made the basis of any complaint on the part of the Nashville Street Railway, which corporation was shown to be liable for the accident.

Affirmed.