## C. E. KENNEDY v. MRS. NATALIE BRUCE.

Western Section.   June 3, 1927.

Petition for Certiorari denied by Supreme Court, December 17, 1927.

1. **Negligence. Evidence. Physical facts showing skidding of a car held sufficient to take question of negligence to the jury.**

In an action to recover for personal injuries sustained in an automobile collision where there was evidence of the skidding of plaintiff's automobile, held that this physical fact was a material circumstance which would take the case to the jury.

2. **Negligence. Violation of city ordinance negligence per se.**

The failure of a person to obey the traffic rules and ordinances of a city is negligence per se and if this negligence is the cause or one of the proximate causes of the injuries it will bar recovery.

3. **Negligence. Violation of statute or ordinance must be proximate cause of injury to bar recovery.**

If plaintiff fails to obey the traffic rules and provisions of a city ordinance and the failure so to do was the cause or one of the proximate causes contributing to the injuries and damages complained of it would bar a recovery. If it constituted remote negligence, it would only go in mitigation, and not in bar of a recovery.

4. **Trial. Instruction. An instruction on violation of city ordinance held proper instruction.**

An instruction on violation of city ordinance set out in opinion and held a proper instruction.

5. **Trial. Courts refusal to answer question of juror held not erroneous.**

Where at the close of the court's charge, a juror asked the court if he might ask a question in regard to the interpretation of certain evidence and the court refused to permit him to ask the question, but at the same time instructed the jury that' if they desired any further instructions after retiring to their room, the court would be pleased to give them on any point the

jury might desire, held that the court properly refused to permit the juror to ask the question and his actions were approved by the appellate court.

6. Trial. Verdict. Damages. Verdict assessing plaintiff's damages at $600 and dividing the amount between the expenses incurred and personal injuries held proper.

Where a jury allowed a plaintiff $600 and stated that $348 was for expenses incurred and $252 was for personal injuries, held that the verdict would be considered as allowing the plaintiff $348 for all expenses incurred, including loss of time and the balance to be allowed for the personal injuries alone.

Appeal in Error from Circuit Court, Shelby County; Hon. H. W. Laughlin, Judge.

Affirmed.

A. C. Muir, and Geo. E. Neuhardt, of Memphis, for plaintiff in error.

Clyde H. Koen, of Memphis, for defendant in error.

SENTER, J. This is an appeal from a judgment on a jury verdict in an action for damages alleged to be the result of the negligence of the defendant below in an automobile collision. At the conclusion of the evidence of plaintiff below, the defendant below moved the court for a peremptory instruction in favor of the defendant, which motion was overruled and disallowed. At the conclusion of all the evidence the motion for a peremptory instruction was renewed by the defendant below, and this motion was likewise overruled by the court, and to the action of the court in so ruling, the defendant below excepted. The declaration averred common-law negligence, alleging that the personal injuries sustained by plaintiff and the damage to her automobile and medical attention, sued for, was the result of the negligent operation by defendant of his automobile causing the collision with plaintiff's car. An amended declaration was filed by plaintiff, alleging common-law negligence, and by appropriate counts, alleged the violation of the State speed law, and the city ordinances of the City of Memphis.

To the original declaration, and the amended declaration and the several counts thereof, the defendant interposed pleas of not guilty, and of contributory negligence on the part of plaintiff, and also the violation by plaintiff of the city ordinances governing the parking of cars on the streets in Memphis, etc.

The trial of the case resulted in a jury verdict, and a judgment thereon in the sum of $600. The verdict and judgment being divided into two items, one of $348 for expenses incurred, and the other for $250 for personal injuries sustained by plaintiff.

A motion for a new trial was made and overruled. From the action of the court in overruling the motion for a new trial, and in render-

ing a judgment on the verdict of the jury as above, plaintiff in error has appealed to this court, and has assigned numerous errors.

The first assignment of error is to the effect that the verdict and judgment is contrary to the weight of the evidence, and that there is no evidence to support the verdict. The second assignment of error goes to the action of the court in failing to grant the motion of defendant for a directed verdict.

These two assignments of error will be considered and disposed of together.

Under the settled rule in this State it is not within the province of an appellate court to review the evidence to determine the preponderance, or to ascertain whether the evidence preponderates for or against the verdict of the jury. If there is any material evidence to support the jury verdict, concurred in by the trial judge, the judgment must be affirmed. There was a decided conflict in the evidence, both on the question of the negligence of the defendant below and the plaintiff below. There was some evidence to sustain the conclusion reached by the jury that the defendant below was guilty of negligence entitling the plaintiff below to recover for both the injuries sustained by her, and the damage to the car and the medical attention. We think a material circumstance was the evidence of the skidding of automobile of plaintiff below at and near the point of collision; that this physical fact was a material circumstance to which the jury was entitled to look and to consider. There was other evidence of the negligence of the defendant below.

There was some evidence that the plaintiff below did not observe the provisions of the city ordinance in force with reference to starting and backing her car, which had been parked adjacent to the sidewalk on the street. On this question there was a decided conflict in the evidence. A failure upon the part of plaintiff below to observe the traffic rules and ordinances of the City of Memphis in starting her car which was parked on the street was negligence per se, and if this negligence was the cause or one of the proximate causes of the collision resulting in the damage and injury complained of, it would bar any recovery. However, if she did fail to observe the traffic rules and provisions of the city ordinance in this respect, but her failure so to do was not the cause, or one of the proximate causes contributing to the injury and damage complained of, it would not go in bar of a recovery. If it constituted remote negligence, it would only go in mitigation, and not in bar of a recovery. There being a conflict in the evidence, it was properly submitted to the jury. The first and second assignments of error are accordingly overruled.

The third assignment of error challenges the correctness of the charge of the court to the jury on the question of the violation by plaintiff below of the city ordinance, and especially section 27 thereof

governing traffic in the City of Memphis. The portion of the charge complained of it in the following language:

"On the other hand, gentlemen, if you find from the evidence that at the time of the collision the plaintiff was not violating - said city ordinance, or if you find from the preponderance of the evidence that at the time of the said collision she was violating said city ordinance, yet if you further find from the evidence that her negligence in violating said city ordinance did not directly and proximately contribute to said collision, then you should find for the plaintiff on the defendant's contention that at the time of said collision she was guilty of negligence in that she was violating said city ordinance introduced in evidence and read to you."

This portion of the charge complained of is preceded by the statement of the court to the effect that the defendant had interposed a plea of contributory negligence, and that under his plea of contributory negligence the defendant contends that at the time of the collision the plaintiff violated the city ordinance which had been introduced in evidence and read to the jury. At this point in the charge the court read the ordinance in question to the jury, and then proceeded to charge the jury on the subject as follows:

"The court charges you, gentlemen, that this is a valid city ordinance and that its violation is negligence per se, that is of itself, and would defeat a recovery by the plaintiff in the case, provided you find from a preponderance of the evidence in the case that at the time of said collision the plaintiff was violating said city ordinance, and provided you further find from the preponderance of the evidence that her negligence in violating said city ordinance directly and proximately contributed to said collision.

"So the court charges you, gentlemen, that if you find from the preponderance of the evidence that at the time of said collision the plaintiff was violating the said city ordinance, that she was guilty of negligence per se, and if you further find from the preponderance of the evidence that her negligence in violating said ordinance—said city ordinance—directly and proximately contributed to said collision then you should find for the defendant on his said plea of contributory negligence and return your verdict for him."

Then the charge proceeds with the language hereinbefore quoted, and which is made the basis of this assignment of error.

We think that the court very fully, accurately and properly instructed the jury on the plea of contributory negligence, and the effect of the violation of the ordinance in question. When taken as a

whole we are of the opinion that the learned trial judge delivered a most excellent charge on all phases of the case.

We do not find, in the record, or in the motion for a new trial that the defendant below requested any further charge, or any different charge on this or any other question in the case. It results that this assignment of error is also overruled.

The fourth assignment of error is based upon the action of the court in refusing to permit a juror to ask a question, and in refusing to answer a question. This occurred during the charge of the court. The assignment of error is based upon the following occurrance: Before the court had concluded the charge, or about the conclusion one of the attorneys in the case started to interpose a request and the following occurred:

"Mr. Cohn: If the court, please, I would like—

"The court: Hold on. You will have to write them. The rule of the court is you will have to write them.

"Juror: May I ask one question?

"The court: No, sir; you can't ask individual questions. After you get out in the jury room, and if you want additional instructions from the court, then the court will be pleased to give you the instruction on whatever point you desire.

"Juror: If you please, this is a question that I think decides the case one way or the other. It is as to the interpretation of certain evidence, if we so find the evidence.

"The court: The jurors are the absolute judges of the evidence. The court has nothing to do with that at all. You must decide that yourself, and for yourselves."

The juror stated to the court that the question he had in mind asking was with reference to the interpretation of evidence. There was nothing in the question, as appears from the above, that the juror desired any instruction, or further instruction, on any question of law. The court then said to the jury that after they retired to consider the verdict if they desired any further instructions from the court, that the court would be pleased to give the instruction on whatever point the jury may desire. This statement was made by the court at the time he declined to permit the juror to ask a question with reference to the interpretation to be given certain evidence. The jury was plainly told by the court that after they had retired to the jury room, and the jury desired any additional instructions on any point, that the court would be pleased to further instruct them. We do not think this action on the part of the court, and especially in view of his subsequent statement, was error, and certainly not such error as would entitle the reversal of the case as it could not have been prejudicial. If the jury desired further instructions on any point they were told by the court that he would be pleased to give the further

instructions if the jury should request it. The jury did not return from the jury room to request further instructions, although they had been specifically invited to do so should they so desire.

Able counsel in the excellent brief on this subject has referred us to the case of Duane v. Garretson, 106 Tenn., 391, in support of the assignment of error. In that case it appears that it was a damage suit in which the trial judge delivered a written charge to the jury. After the jury had retired to the jury room to consider the case, they returned and requested the court to explain a certain part of his charge saying that they did not understand it. The court replied that all the charge was written, whereupon the jury said they could not read the charge, and the trial judge remarked, "I am not surprised at that. Retire, gentlemen, and consider of your verdict." There was a specific request by the jury that the court explain to them its charge, stating that they were unable to read the handwriting in which the charge was written. The learned trial judge in that case refused to again read the charge, or to orally state the charge, or to in any other way aid the jury. On appeal to the Supreme Court it was held that it was the duty of the court under the circumstances of that case, to have read the charge to the jury, or to have given them such instructions as would aid them in understanding the charge. The court said: "To send them back without aid or instruction, under these circumstances, was to leave them entirely at sea as to the law of the case, and virtually submitting the case to them without a charge, or perhaps worse, with a charge which they could not understand." This was held to be reversible error. But we do not have the same situation in the instant case. At about the conclusion of the general charge, one of the jury asked to be permitted to ask a question, which he stated to be with reference to the interpretation of the evidence. The learned trial judge explained to this inquiring juror, that the jury was the sole judge of the evidence, and then proceeded to say to the jury as a whole that if the jury, after retiring to consider of the verdict, desired additional instructions on any questions or point, and would make known their request the court would be pleased to instruct them further on any point in case. In the Duane v. Garretson case the jury had retired to consider the verdict, and returned into open court and specifically requested that the court explain certain portions of the charge which they had been unable to read and this request was refused by the trial judge. While in the instant case the jury was told that if they desired further instruction on any point the court would be pleased to further instruct them, and no further request was made. So it will be seen that the two cases are not analagous. This assignment of error is overruled.

The fifth and last assignment of error alleges that the verdict is excessive, and contrary to the instructions of the court. It is not

stated in this assignment of error that the verdict is so excessive as to indicate passion, prejudice or caprice upon the part of the jury. The court instructed the jury to return only one verdict, but to assess the damages separately, making a total of so much. The verdict of the jury is in the following language: "We the jury find for the plaintiff and fix her damages in the amount of $600, of which amount $348 is expense incurred, and $250 personal injuries." It is contended for appellant that the evidence shows that the cost of repairing the automobile was only $68.06. It would appear from the verdict of the jury, when considered in the light of the evidence, that the $348 mentioned by the jury "as expense incurred," included the damage to the automobile, the cost of repairing the same, and also the expenses and loss of time incurred by plaintiff as the result of her personal injuries, and that the $250 mentioned in the verdict as "personal injuries," was intended to compensate plaintiff for the injuries alone sustained by her. While it is true under the charge of the court the jury was instructed to return an aggregate amount, but to divide the same, between the damage to the car and the personal injuries sustained. The jury in making the division evidently considered the $348 covered all the expense including loss of time incurred by plaintiff, and the $252 as personal injuries sustained by her. No harm has resulted to defendant because of the form of the judgment or as to the manner of its division. If the jury had by its verdict allowed only $68.06, the cost of repairing the automobile, and had included the balance of the $600 so as to cover the medical attention, loss of time, cost of medicines, as well as the personal injuries sustained, the result would have been the same. We are of the opinion that this assignment of error is not well taken and the same is overruled.

All assignments of error are overruled, and the judgment is affirmed. Appellant and surety on the appeal bond will pay the cost of this appeal.

Heiskell and Owen, JJ., concur.