CHARLES A. LEE et al., Plaintiffs in Error, v. HAYES C. MELSON, Defendant in Error. —387 S.W.(2d) 838.

Eastern Section. July 10, 1964.

Certiorari Denied by Supreme Court March 2, 1965.

Louis Hofferbert and Poore, Cox, Baker & McAuley, Knoxville, for plaintiffs in error.

Donaldson, Montgomery & Kennerly, Knoxville, for defendant in error.

McAMIS, P. J.   The question in this case is whether the trial court, having granted the original plaintiff a new trial on the ground of the inadequacy of the verdict, erred in refusing to grant the cross plaintiffs a new trial. For reasons to be stated we have concluded cross plaintiffs were properly denied a new trial.

Hayes C. Melson brought the original action against Mr. and Mrs. Charles A. Lee to recover damages growing out of an intersectional collision between the automobiles of the parties. The Lees then brought a cross action to recover damages growing out of the same collision.

After a full development of the proof and a charge as to which there is no exception, the jury returned a verdict in favor of Melson for $2,500.00 and against Mr. and Mrs. Lee on their cross actions.

On October 25, 1963, Melson moved for a new trial on the sole ground that the verdict was grossly inadequate. On October 30, 1963, Mr. and Mrs. Lee moved for a new trial, in event the Court should grant the motion of the original plaintiff Melson. Thereafter, the Court granted Melson a new trial solely on the ground of inadequacy. At the same time, on the facts as found by the jury, in

which the Court concurred, cross plaintiffs were denied a new trial. They have appealed from the judgments dismissing the cross actions.

We do not appear to have a case in Tennessee directly controlling the question. The nearest approach is Nashville Street Railway Co. v. Gore, 106 Tenn. 390, 61 S.W. 777. In that case the plaintiff Gore, administrator, sued the Nashville Street Railway and the Nashville Railway for the negligent killing of the intestate. Following a joint verdict against both defendants, a new trial was granted Nashville Railway; but the verdict was permitted to stand against the Nashville Street Railway. The latter appealed on the sole ground that the verdict, having been set aside as to its co-defendant, could not stand as to it.

In affirming the trial court, the Supreme Court, noting that the evidence fully exonerated the Nashville Railway, referred to the holding in Draper v. State, 38 Tenn. 262 that a judgment cannot be affirmed as to one defendant and reversed as to another and said:

"It was said in that case that a judgment cannot be divided. If it is correct against one party, but erroneous as to others, it cannot be affirmed as to him and set aside as to the others. There must be a general reversal. But the court refused to follow this rule in the case of Bently v. Hurxthal, 3 Head, 378. 'This rule,' said the court, 'that a judgment is an entire thing, and, therefore, if void as to one party cannot be allowed to stand as to any of the other parties, is a purely technical one. A judgment may be correct in all respects as to one party, and altogether erroneous or void as to another joint party; and in such case there is no sufficient reason why the party rightfully charged should be discharged, merely

on the ground that another was wrongfully made liable by the same judgment.' The last case was followed in Smith v. Foster, 3 Cold. [139] 147; Webbs v. State, 4 Cold. [199] 204; Cox v. Crumley, 5 Lea, [529] 530-535. This is now the well-established practice both in this court and in the inferior courts.''

The modern trend elsewhere is to recognize the discretionary power of the trial court to limit the issues on the second trial and to grant a new trial as to one party but not as to others against whom a verdict untainted by error or illegality has been returned. The authorities now generally reject the artificial reasoning of the early common law rule that a verdict must be treated as an entirety and, if granted to one of the parties, a new trial must be granted as to all. 39 Am.Jur. 49, New Trial, Section 25.

In connection with an annotation, 143 A.L.R. 7, it is said at p. 15:

''(A)s a result of a more enlightened tendency on the part of the courts to ignore the technical rules of the common law wherever they do not subserve, but impede, the practical administration of justice, it is quite generally held, with some qualifications to be later observed, that the grant by a trial court of a new trial or of a dismissal after verdict as to one of several co-defendants who are sued together as joint tort-feasors and against whom a joint verdict has been returned, for errors peculiar to that defendant, * * * does not require the grant of a new trial * * * as to the other defendants. * * *''

Among the cases cited is Brown & Sons Lumber Co. v. Sessler, 128 Tenn. 665, 163 S.W. 812.

In that case, in speaking of the related practice on appeal where the judgment is found to be improper as to only one of the parties, the Court said:

"The technical rule of the common law invoked on the point is now quite generally held to be too artificial, and the trend of modern authority is toward the rule, as declared in this state, that reversal as to a party wrongfully adjudged liable does not require a reversal as to the party properly subjected to liability. Sparrow v. Bromage, 83 Conn. 27, 74 Atl. 1070, 27 L.R.A. (N.S.) 209, 19 Ann.Cas. 796, and notes. The modern rule is obviously just, and is founded on common sense." And see as applicable in principle Perkins v. Brown, 132 Tenn. 294, 177 S.W. 1158, L.R.A.1915F, 723; Securities Inv. Co. v. White, 19 Tenn.App. 540, and cases cited p. 556, 91 S.W.(2d) 581, on the practice of limiting issues on remand.

On principle, we think the same reasoning should apply in the trial court where only one of the parties is held entitled to a new trial.

Such was the holding of this Court in Crawford v. Mays, Sullivan Law, decided May 20, 1964, unreported. In that case the trial court on hearing the defendants' motion for a new trial directed a verdict for one defendant and refused to grant a new trial as to the other who thereupon appealed insisting a motion for a new trial cannot be granted as to one defendant and overruled as to another. Citing Street Railway Co. v. Gore, supra, the Court in an opinion by Judge Avery affirmed.

While the authorities cited deal in the main with the rule to be applied where one defendant seeks a new trial on the ground that a co-defendant has been granted a new

trial, we think the rule would be equally applicable where, as in this case, one of the parties occupies the position of cross plaintiff. See 66 C.J.S. New Trial sec. 11, p. 91.

■ Since the trial court did not limit the issues on the re-trial to the amount of the damages, the effect of the judgment is to leave open all of the issues touching the right of the original plaintiff to recover, such as remote or proximate contributory negligence. We cannot see that any injustice or embarrassment of the rights of Mr. and Mrs. Lee as defendants can result from the Court's action in denying them a new trial as to their cross actions. The denial of a new trial under the circumstances was within the discretion of the trial court and we find no abuse of discretion.

■ The guiding principle is fairness to both parties. A verdict tainted with error or confusion ought not to stand. On the other hand, the parties are entitled to only one day in court. Once a party has been accorded a fair trial on the merits, unaffected by errors of law, he is not entitled to another trial merely because another party to the suit has been granted a new trial to reverse an error peculiar to him.

The judgment dismissing the cross actions is affirmed. Costs will be adjudged to plaintiffs in error.

Cooper and Parrott, JJ., concur.