IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 24, 2001 Session

## AUDREY MOSS v. SHEILA K. SANKEY, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. 81027 T.D.     D'Army Bailey, Judge**

_____

**No. W2000-00659-COA-R3-CV - Filed March 19, 2001**

_____

This appeal arises from a negligence action arising out of a vehicular accident. Driver was turning onto a main road from a side street without the right-of-way. As she emerged from the side street, she was struck by Worker, an employee of Company, whose wrecker had been driving on the road. The collision diverted the wrecker into the oncoming lanes of traffic, where it struck a car driven by Plaintiff. Plaintiff brought suit against Driver, Worker and Company for her injuries. A jury found Driver 100% liable for the injuries. Plaintiff appealed stating that the verdict was against the preponderance of the evidence, that the judge had incorrectly denied a motion for a new trial, and that a sleeping juror had violated Plaintiff's right to a trial by jury. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

James V. Ball, Memphis, Tennessee, for the appellant, Audrey Moss.

Alex C. Elder, Memphis, Tennessee, for the appellees, Mark A. Tyler and Dick Diggons Body Works, Inc.

**OPINION**

In 1996, Mark Tyler was driving a wrecker owned by his employer, Dick Diggons Body Works, Inc. (Body Works), westbound on Shelby Drive. Sheila Sankey was driving southbound on Distriplex Road. While leaving a private drive,[1] not having the right-of-way, Ms. Sankey attempted to cross the westbound lanes of Shelby Drive into the eastbound lanes. During her turn, she was

_____

[1] At the time of the accident, the private drive led into an area that was under construction. Since the accident, it has become the public street of Duplex Drive.

struck by Mr. Tyler. The collision between the vehicles sent Mr. Tyler's wrecker into the eastbound lanes of Shelby Drive where he struck Audrey Moss's vehicle, causing serious injuries.

Ms. Moss brought an action for negligence against Ms. Sankey, Mr. Tyler and Body Works. After a trial, a jury found that Ms. Sankey was 100% at fault for the injuries to Ms. Moss and that neither Mr. Tyler nor Body Works had any liability for her injuries. Ms. Moss filed a motion for a new trial on the basis that the trial judge, acting as the thirteenth juror, should find that the jury verdict was against the preponderance of the evidence. Ms. Moss also claimed that the foreperson of the jury slept through portions of the trial. After a hearing on the matter, the trial judge denied the motion and this appeal followed.

The issues presented on appeal by the appellant, as we perceive them, are as follows:

I.      Did the trial court err in not exercising its role as the thirteenth juror in weighing the evidence, determining the issues and deciding if the jury verdict was supported by the evidence at trial?

II.     Does the evidence in this case preponderate against the jury verdict that 100% of the fault should be attributed to Ms. Sankey and 0% of the fault to Mr. Tyler and Body Works?

III.    Was the Plaintiff denied her constitutional right to a trial by jury by the misbehavior of a juror who slept through portions of the trial?

**Thirteenth Juror**

The thirteenth juror rule requires the trial court to weigh the evidence independently, to determine the issues, and to decide whether the verdict is supported by the evidence. *See Ladd v. Honda Motor Co.*, 939 S.W.2d [83,] 105 [(Tenn. Ct. App. 1996)]; *Loeffler v. Kjellgren,* 884 S.W.2d 463, 468-69 (Tenn. Ct. App.1994). Although we may consider any comments made by a trial judge during a hearing on the motion for new trial, *see Ridings v. Norfolk S. Ry.*, 894 S.W.2d 281, 289 (Tenn. Ct. App.1994), we must, in the final analysis, determine whether the trial court properly reviewed the evidence and agreed or disagreed with the verdict. *See Ladd v. Honda Motor Co.*, 939 S.W.2d at 104; *Herbert v. Brazeale*, 902 S.W.2d 933, 936 (Tenn. Ct. App. 1995). We cannot review the accuracy of the trial court's determination as thirteenth juror. *See State v. Moats*, 906 S.W.2d 431, 435 (Tenn.1995).

*Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 717-18 (Tenn. Ct. App. 1999).

After reviewing the record, we believe that it is clear that the trial court properly performed its role as the thirteenth juror. It is the trial court's role to independently weigh the evidence and

determine if the verdict is supported by that evidence. During the court's consideration of the motion for a new trial, the trial court stated that "you didn't convince me and the jury by a preponderance of the evidence [that Mr. Tyler should be attributed any fault for Ms. Moss's injuries] . . . . I think the jury was attentive and I agree with their evaluation with regard to failure of the Plaintiff to carry the burden of proof." In addition, the trial court cited several specific areas of testimony in which Ms. Moss failed to adequately prove her case. While the trial judge did not specifically state that he had independently weighed the evidence, our review of his comments convince us that he properly performed his role as the thirteenth juror.

### *Jury Verdict*

"Where, as here, a trial judge has approved a jury's verdict, our standard of review is whether there is any material evidence to support the verdict." **Brown v. Chesor**, 6 S.W.3d 479, 482 (Tenn. Ct. App. 1999) (citing Tenn. R. App. P. 13(d)).[2] In effect, "absent a reversible error of law, we will set aside a judgment on a jury verdict only where the record contains no material evidence to support the verdict." **Id.** (citing **Foster v. Bue**, 749 S.W.2d 736, 741 (Tenn. 1988)). In cases tried by a jury, this court is "not at liberty to weigh the evidence and decide where the preponderance lies but [is] limited to determining whether there is material evidence to support the verdict. If there is any material evidence to support the verdict, the judgment must be affirmed." **Pullen v. Textron, Inc.**, 845 S.W.2d 777, 780 (Tenn. Ct. App. 1992) (citing **Crabtree Masonry Co. v. C & R Constr., Inc.**, 575 S.W.2d 4, 5 (Tenn. 1978)).

Our review of the record has determined that there exists material evidence that the jury could have properly relied upon in reaching its verdict. First, Mr. Tyler testified that he could not have avoided the impact with either Ms. Sankey's or Ms. Moss's vehicle. Second, an independent eyewitness testified that Mr. Tyler could not stop his vehicle after its impact with Ms. Sankey due to the fact that something had lodged beneath his vehicle's wheels. Third, an accident reconstruction expert for Mr. Tyler testified that, in his opinion, Mr. Tyler was not responsible for the accident. A jury could have relied on any or all of this material evidence in its determination of fault. Since material evidence existed to support this jury verdict, we must affirm the trial court's judgment.

### **Sleeping Juror**

A party cannot witness misconduct on the part of the court or jury and sit by and wait the result of the verdict, and then, if it proves to be against him, object to the alleged misconduct. By prompt objection, the [party] could have preserved his rights by moving to discharge the jury, but this was not done. We think that, under the circumstances, it was too late to raise the point in the motion for a new trial.

---

[2]While before this court, Ms. Moss argued that the standard of review was one of the "preponderance of the evidence." We note that the standard of review in this situation is actually one of "any material evidence" and will review this issue under the required standard.

***Guy v. Vieth***, 754 S.W.2d 601, 603 (Tenn. 1988) (quoting ***Thornton v. Stewart***, 240 S.W. 502 (Mo. Ct. App. 1922) (citing ***New v. Jackson***, 95 N.E. 328, 332 (Ind. Ct. App. 1911))).

In her motion for a new trial, Ms. Moss alleged that on several occasions during the trial a member of the jury appeared to be asleep. However, it is clear from this court's review of the record that Ms. Moss failed to object during any of these occasions. Indeed, Ms. Moss failed to bring these episodes to the court's attention at all.[3] In order to preserve her rights, Ms. Moss should have done so. She cannot witness misconduct, fail to object, and complain only upon a disagreeable verdict. As such, the alleged sleeping by a juror does not provide a proper basis for a new trial and we affirm the trial court in its decision.

### Conclusion

Based on the foregoing conclusions, we hereby affirm the trial court's judgment. Costs on appeal are assessed against the Appellant, Audrey Moss, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[3]Upon our review, this court has determined that the record contains no evidence that a juror was ever asleep during the trial. The only mention of such an episode occurs during attorney arguments on the motion for a new trial.