IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 26, 2002 Session

**ROBERT FRED JONES, ET AL. v. VICK IDLES**

**Appeal from the Circuit Court for Anderson County**
**No. 98LA0255    William E Lantrip, Chancellor, by Interchange**

**FILED JULY 30, 2002**

**No. E2001-02833-COA-R9-CV**

Robert Fred Jones ("Plaintiff") sued Vick Idles ("Defendant") for damages resulting from an automobile accident. Defendant filed a counter-claim. After a jury trial on the issue of liability, the jury determined Plaintiff was 90% at fault and Defendant was 10% at fault. Plaintiff filed a motion for new trial on all claims which the Trial Court granted after stating neither party had met their burden of proof. Defendant appeals only the granting of a new trial to Plaintiff on the claims raised in Plaintiff's complaint. We affirm.

**Interlocutory Appeal Pursuant to Rule 9, Tenn. R. App. P.;**
**Judgment of the Circuit Court Affirmed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., joined, and CHARLES D. SUSANO, JR., J., dissented.

Jerry Shattuck, Clinton, Tennessee, for the Appellant Vick Idles.

Roger L. Ridenour, Clinton, Tennessee, for the Appellees Robert Fred Jones and Virginia Leigh Jones.

# OPINION

## Background

The facts as pertinent to this Tenn. R. App. P. 9 interlocutory appeal are undisputed. Plaintiff filed a lawsuit seeking damages resulting from an automobile accident which occurred in Anderson County on March 31, 1998.[1] Defendant filed an answer denying any liability, and filed a counter-claim seeking damages for his personal injury resulting from the same automobile accident.

The Trial Court granted a motion to bifurcate the liability and damages aspects of both claims. The liability phase was tried to a jury on January 23, 2001. The jury found Plaintiff to be 90% at fault, and Defendant 10% at fault. The Trial Court entered judgment accordingly and dismissed the claim filed by Plaintiff and entered judgment in favor of Defendant. Plaintiff filed a motion for a new trial and supporting memorandum, neither of which are contained in the record on appeal. The Trial Court granted the motion for new trial. During the hearing on the motion for new trial, the Trial Court stated, in relevant part, as follows:

> I don't see how a jury could, be quite honest with you, how a jury could have rendered a verdict for either party in this particular case.… But acting as the 13th juror, the Court finds that the 90 percent, 10 percent … I thought that they were credible witnesses for both sides, to be quite honest with you. And that it would have been an impossible job for this jury to come back with anything but a defense verdict for both sides on the complaint.… For that reason, and that reason alone, the Court grants a new trial.

The above statement of the Trial Court was incorporated into its order granting a new trial. The Trial Court's order also stated "that neither the plaintiffs nor the counter plaintiff carried the burden of proof in this cause and it would have been an impossible job for the jury to come back with anything but a defense verdict for both sides." The Trial Court then ordered a new trial on all issues in the complaint and counter-complaint.

Defendant appeals the Trial Court's granting of a new trial to Plaintiff on the claims raised in Plaintiff's complaint. Defendant does not challenge the granting of a new trial to the Plaintiff on the issues raised in Defendant's counter-claim.

---

[1] Plaintiff's wife, Virginia Leigh Jones, joined in the lawsuit and sued for loss of consortium. For ease of reference, we will refer to Plaintiffs in the singular.

**Discussion**

A review of findings of fact by a trial court is *de novo* upon the record of the trial court, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Brooks v. Brooks,* 992 S.W.2d 403, 404 (Tenn. 1999). Review of questions of law is *de novo,* without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.,* 8 S.W.3d 625, 628 (Tenn. 1999).

The issue as phrased by Defendant on appeal is:

> May a trial judge grant a plaintiff a new trial when a jury has found that Plaintiff 90% at fault and the defendant/counter plaintiff 10% at fault after the judge as thirteenth juror has independently weighed the evidence and found that neither party carried the burden of proof?

Defendant's argument on appeal is essentially that the jury found Plaintiff did not carry his burden of proof when it assigned 90% of the fault to Plaintiff. Defendant asserts that even though the Trial Court acting as thirteenth juror disagreed with the percentage of fault allocated to Plaintiff, the Trial Court nonetheless clearly expressed its agreement with the jury that Plaintiff did not meet his burden of proof. Defendant argues since both the jury and the Trial Court are in agreement that Plaintiff did not meet his burden of proof, Plaintiff cannot properly be awarded a new trial.

When acting as thirteenth juror, the trial court is required to independently weigh the evidence, determine the issues, and decide whether the jury's verdict is supported by the evidence. *Moss v. Sankey*, 54 S.W.3d 296, 298 (Tenn. Ct. App. 2001)(quoting *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 717 (Tenn. Ct. App. 1999)). Although this Court may consider comments made by a trial court during a hearing on a motion for new trial, in the final analysis we must determine whether the trial court properly reviewed the evidence when reaching its agreement or disagreement with the verdict. "We cannot review the accuracy of the trial court's determination as thirteenth juror." *Moss v. Sankey*, 54 S.W.3d 296, 298 (Tenn. Ct. App. 2001)(quoting *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 718 (Tenn. Ct. App. 1999)).

In *Turner v. Jordan*, 957 S.W.2d 815 (Tenn. 1997), one of the issues addressed by our Supreme Court was whether a trial court, when acting as thirteenth juror, has the authority to reallocate fault pursuant to comparative fault principles. The Supreme Court held a trial court, when acting as thirteenth juror, must grant a new trial if the verdict is contrary to the weight of the evidence. *Id*. at 823. The mechanisms of remittitur and additur are available when the trial court approves of the jury's verdict but disagrees with the amount of damages awarded. The Supreme Court went on to state in "Tennessee, our cases have specifically limited the statutory procedures of remittitur and additur to correction of damages and not liability.… Thus, the trial court correctly determined that it lacked the authority to reapportion the comparative fault in its role as thirteenth

-3-

juror." *Id*. at 824.  Accordingly, the Supreme Court held a trial court "may not reallocate the comparative fault after weighing the evidence as the thirteenth juror, but must instead grant a new trial." *Id.*  As noted by this Court in *Fye v. Kennedy*, 991 S.W.2d 754 (Tenn. Ct. App. 1998), *Turner* precludes even a partial reallocation of the jury's finding of comparative fault.  When a trial judge acting as thirteenth juror cannot approve "some part" of the jury's determination with respect to comparative fault, the trial judge "is limited to granting a new trial."  *Fye*, 991 S.W.2d at 762.

> Defendant relies heavily on the following language in *Fye v. Kennedy*:
>
> It is not uncommon for a trial judge to approve a jury's assessment of damages, while disagreeing with its verdict as to liability.  In such cases, the court would, as Judge Barker did, refuse to grant a new trial as to damages but grant a new trial as to liability. Pre-*McIntyre*, it was clear that a trial court could grant a new trial as to one party's claim while denying a new trial as to another party's claim.[2]  *See, e.g., Nashville Street Railway v. Gore*, 106 Tenn. 390, 61 S.W. 777 (1901).  *See also Lee v. Melson*, 54 Tenn. App. 53, 387 S.W.2d 838 (1964).  In *Lee*, this court made the following comment in justifying just such a ruling:
>
> > The guiding principle is fairness to both parties.  A verdict tainted with error or confusion ought not to stand.  On the other hand, the parties are entitled to only one day in court.  Once a party has been accorded a fair trial on the merits, unaffected by errors of law, he is not entitled to another trial merely because another party to the suit has been granted a new trial to reverse an error peculiar to him.

*Fye*, 991 S.W.2d at 761.

> Defendant asserts the present case involves no "complicating issues of comparative fault" as alluded to in footnote 10 in *Fye*.  We disagree.  What Defendant is asking to have done is a partial reallocation of fault with regard to the jury's assessment of fault.  This case does involve a complicating issue of comparative fault because the Trial Court is prohibited from reallocating *any* fault.  The jury returned one verdict wherein it allocated fault to both parties.  When acting as thirteenth juror, once the Trial Court disagreed with the verdict with respect to the comparative fault allocation, the only avenue available to the Trial Court was to grant both parties a new trial.  *See Fye*, 991 S.W.2d at 762.

---

[2] At this point in *Fye*, the Court inserted footnote number 10 which reads: "This would still be the case today, absent any complicating issues of comparative fault."

To accept Defendant's position would result in two separate trials with two separate juries with two separate verdicts each allocating fault in the same case to the same parties. Such a procedure would lead to the likely, if not certain, result that the total fault allocated to the parties by the two juries in their two separate verdicts in the same lawsuit would be in excess of 100%. While we realize that logic is not the lifeblood of the law, such a result would be an absurdity. Application of the rule expressed by this Court in *Fye* limiting a trial judge acting as a thirteenth juror to granting a new trial if he cannot approve of some part of the jury's determination with respect to comparative fault prevents such an absurdity from occurring. Therefore, the Trial Court reached the correct result when it granted both parties a new trial. We affirm the granting of a new trial to both parties.

## Conclusion

The judgment of the Trial Court is affirmed and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellant, Vick Idles, and his surety.

_____
D. MICHAEL SWINEY, JUDGE